89 F.3d 837
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Immanuel Curtis YULEE, also known as Manuel Curtis Yulee,
also known as Immanuel Yulee, also known as Emanuel Curtis
Yulee, also known as Emmanuel Curtis Yulee, also known as
Curtis Yulle, Defendant-Appellant.
 No. 95-6042.
 United States Court of Appeals, Sixth Circuit.
 April 30, 1996.
 
 Before: KEITH, KENNEDY and RYAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 The defendant appeals the order of the district court enhancing his sentence pursuant to the United States Sentencing Guidelines Section 3C1.1 for obstruction of justice. For the reasons which follow we AFFIRM.
 
 I.
 
 2
 On January 31, 1995, a routine police check of pawn tickets at a pawn and gun shop in Harrodsburg, Kentucky revealed that Defendant-Appellant, Immanuel Yulee, had pawned a .25 caliber semi-automatic pistol. Officer Bradshaw, one of the officers reviewing the pawn shop records, had previously conducted a criminal record check on Yulee and believed him to be a convicted felon. The Harrodsburg Police Department took custody of the gun and was summoned to the pawn shop when Yulee returned to recover the gun. Officer Bradshaw informed Yulee that the gun would remain in police custody until it was determined whether Yulee was prohibited from possessing firearms due to felony convictions in Florida.
 
 
 3
 Yulee was interviewed in his home by Officer Bradshaw and ATF Agent John Simms on February 9, 1995. When asked his identity, Yulee denied he was the same Immanuel Yulee who previously had been convicted of a felony in Florida. He claimed his identification had been stolen and denied any previous felony convictions. However, on May 16, 1995, Yulee was indicted for being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924. After indictment and arrest, in an interview with a probation officer who was "presumably" preparing a bond report, Yulee continued to deny he was the person the agents sought. He insisted that he had no prior criminal history. In support of his claim, Yulee told the probation officer that he had served in the United States Armed Forces from 1981 to 1985, that he had lived in many countries outside of the United States and that he had been honorably discharged due to psychological problems for which he received monthly disability benefits.
 
 
 4
 On April 26, 1995, Yulee pled guilty to the one count indictment for being a felon in possession of a firearm. At sentencing on August 4, 1995, Yulee raised one objection to the Presentencing Report's recommendation that his sentence be enhanced for obstruction of justice. The lower court ruled sentence enhancement was warranted since Yulee falsely claimed he had no prior criminal history when questioned by the probation officer. The district judge increased Yulee's offense level two levels to 19 which, coupled with a criminal history category of four, produced a Guidelines sentencing range of 46 to 57 months. Had the enhancement not applied, Yulee's sentence range would have been 37 to 46 months. Yulee received a sentence of 46 months in prison. Yulee timely filed a notice of appeal.
 
 II.
 
 5
 Yulee claims the district court erred in enhancing his sentence for two reasons. First, Yulee asserts his lie to the probation officer was a constitutionally protected denial of guilt not penalized by the United States Sentencing Guidelines.[1] Second, Yulee asserts the denial was immaterial to the investigation and thus may not be considered for enhancement purposes.
 
 
 6
 This Court reviews the district court's factual findings in respect to the Sentencing Guidelines for clear error. United States v. Smart, 41 F.3d 263, 264 n. 1 (6th Cir.1994); United States v. Williams, 952 F.2d 1504 (6th Cir.1991). However, the district court's application of the Guidelines to the facts is granted due deference. 18 U.S.C. § 3742(e) (West Supp.1995); Williams, 952 F.2d at 1514.[2]
 
 
 7
 United States Sentencing Guidelines Section 3C1.1 provides for an offense level increase of two levels "[i]f the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the investigation, prosecution, or sentencing of the instant offense." The Commentary to § 3C1.1 states:
 
 
 8
 This provision is not intended to punish a defendant for the exercise of a constitutional right. A defendant's denial of guilt (other than a denial of guilt under oath that constitutes perjury), refusal to admit guilt or provide information to a probation officer, or refusal to enter a plea of guilty is not a basis for application of this provision. In applying this provision in respect to alleged false testimony or statements by the defendant, such testimony or statements should be evaluated in a light most favorable to the defendant.
 
 
 9
 U.S.S.G. § 3C1.1 comment. (n. 1) (Nov. 1, 1994). Application Note 3(h) states that sentence enhancement applies when the defendant "provid[ed] materially false information to a probation officer in respect to a presentence or other investigation for the court." U.S.S.G. § 3C1.1 comment. (n. 3(h)) (Nov. 1, 1994). In interpreting § 3C1.1, we have noted that the defendant's false statement must be more than a mere denial of guilt in order for enhancement to apply. United States v. Head, 927 F.2d 1361, 1372 (6th Cir.), cert. denied, Black v. United States, 502 U.S. 846, 112 S.Ct. 144 (1991). In addition, this Court has also held that the "denial of guilt" exempt from coverage under § 3C1.1 Application Note 1, "refers to a denial of guilt in the crimes charged or as to other pending offenses." United States v. Garcia, 20 F.3d 670, 675 (6th Cir.1994), cert. denied, 115 S.Ct. 1120 (1995).
 
 
 10
 Yulee contends that his sentence was improperly enhanced because in lying to the probation officer about his prior convictions, he was exercising his constitutional right to deny guilt. Specifically, Yulee argues that at the time he was interviewed by the probation officer, he was facing charges under 18 U.S.C. § 922(g)(1). Since an element of the offense under § 922(g) is that the defendant must be a previously convicted felon, Yulee contends that when asked if he had previously committed felonies, he was essentially asked to admit the crime charged. To support his conclusion, Yulee cites several cases from other circuits which this Court finds inapplicable here. See, e.g., United States v. Fiala, 929 F.2d 285 (7th Cir.1991) (finding defendant's denial to a state trooper during a roadside stop that he had anything illegal in his car a constitutionally protected denial of guilt since it was not made under oath, was not material and did not significantly obstruct the trooper's investigation).
 
 
 11
 Here, Yulee was not exercising his constitutional right to deny guilt when he misled the probation officer. Instead of simply denying guilt of the instant offense, Yulee lied about having committed prior felonies to the probation officer who was preparing a bond report for the court. Even if Yulee's denial could be construed as a denial of guilt of the instant offense, his lie was more than a mere denial of guilt since it was clearly offered to mislead the probation officer. Thus, Yulee's statements are not exempt from the penalty provided by Guidelines § 3C1.1.
 
 
 12
 Next, under § 3C1.1 Application Note 3(h) we must consider whether Yulee's statements were material. In addressing the materiality requirement, this Court has specifically held the false statement at issue must be material and nontrivial to the investigation, prosecution or sentencing of the instant offense. United States v. Aideyan, 11 F.3d 74 (6th Cir.1993); United States v. Crousore, 1 F.3d 382 (6th Cir.1993). "Material" information is that which "if believed, would tend to influence or affect the issue under determination." U.S.S.G. § 3C1.1 comment. (n. 5) (Nov. 1, 1994). Yulee argues his false statements are not covered by § 3C1.1 because they were not made during the investigation, prosecution or sentencing of the instant offense. Yulee asserts that the preparation of a bond report is not a part of the process identified by the Guidelines because Yulee's statements could not have influenced the issue of sentencing. Likewise, Yulee argues that his statements are not material falsehoods subject to enhancement because information sought by probation officers for preparation of bond reports is not collected to aid the investigation or prosecution of the offense. Yulee's claims that his false statements were not material for purposes of sentence enhancement are without merit. Yulee's lies about previous felony convictions, if believed, clearly would have influenced the court's determination as to bond. A probation officer preparing a report to aid the court in setting bond is undeniably engaged in an investigation for the court. As such, Yulee's interview with the probation officer was part of his prosecution. Since Yulee's false statements regarding his prior convictions were clearly material, the district court's decision to enhance his sentence was not in error.
 
 III.
 
 13
 Accordingly, the judgment of United States District Judge Henry H. Wilhoit, Jr. is AFFIRMED.
 
 
 
 [1]
 The district judge based his decision to enhance Yulee's sentence solely upon Yulee's claim to the probation officer that he had no prior felony convictions. We restrict our review accordingly
 
 
 [2]
 This Court has also held that the district court's determination that a defendant's conduct constitutes obstruction of justice is reviewed for an abuse of discretion. See United States v. Smart, 41 F.3d 263, 264 and n. 1 (6th Cir.1994) (noting some confusion over which standard is correct). However, in the case before us, Defendant-Appellant's claim fails under either standard of review