97 F.3d 1453
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Norma JOHNSON, Defendant-Appellant.
 No. 95-6094.
 United States Court of Appeals, Sixth Circuit.
 Sept. 20, 1996.
 
 Before: RYAN and NORRIS, Circuit Judges; JOINER, District Judge.*
 OPINION
 ALAN E. NORRIS, Circuit Judge.
 
 
 1
 Norma Johnson appeals her two-count conviction for drug-trafficking and the sentence imposed in its wake. After careful consideration of both the record and the arguments advanced by defendant, we conclude that her contentions of error are misplaced. We therefore affirm both her conviction and her sentence.
 
 I.
 
 2
 Rather than recite the underlying facts of this case in isolation, we will discuss them in the context of the legal issues raised by defendant.
 
 1. Motion to Suppress
 
 3
 Prior to trial, defendant filed a motion to suppress evidence seized at the time of her arrest from her person, the van she was driving, and her home. After an evidentiary hearing, the district court denied the motion, concluding that the police officers had reasonable suspicion to justify the initial stop and that defendant consented to the searches. According to the Supreme Court, "[D]eterminations of reasonable suspicion and probable cause should be reviewed de novo on appeal." Ornelas v. United States, 116 S.Ct. 1657, 1663 (1996). Findings of historical fact, however, are reviewed for clear error. Id.
 
 
 4
 We agree with the district court's reasoning. The telephone call from a confidential informant, which provided the details that eventually led to defendant's arrest, gave rise to a reasonable suspicion that defendant was involved in criminal activity. Thus, on the night of her arrest, the officers had the requisite suspicion to approach and question defendant when she arrived home in a van matching the description provided by the confidential informant. Their subsequent decision to restrain defendant after they observed her hand move "as if she had a brown object in it" was likewise reasonable under the circumstances.
 
 
 5
 The district court also found, as matters of historical fact, that defendant received her Miranda warnings and voluntarily consented to the search of her house and van. While the government must demonstrate through clear and positive testimony that consent was validly obtained, United States v. Riascos-Suarez, 73 F.3d 616, 625 (6th Cir.), petition for cert. filed (June 11, 1996) (No. 95-9285), the district court's determination that consent was given is precisely the type of factual finding that can only be reversed if we detect clear error. United States v. Aloi, 9 F.3d 438, 440 (6th Cir.1993). In this case, the court supplied detailed reasons for its conclusions, including credibility determinations to which we pay substantial deference. Id.
 
 
 6
 Because the determinations of the district court are fully supported by the record, we affirm its denial of defendant's motion to suppress.
 
 2. Bill of Particulars
 
 7
 Defendant also contests the district court's denial of her motion for a bill of particulars. However, the indictment sufficiently apprised her of the charges against her, and she has not explained, except in the most conclusory fashion, how the denial of a bill of particulars resulted in surprise at trial or effectively prejudiced any of her substantial rights. See United States v. Phibbs, 999 F.2d 1053, 1086 (6th Cir.1993), cert. denied, 510 U.S. 1119 (1994).
 
 
 8
 Accordingly, we affirm the denial of this motion.
 
 3. Use of Audio Tapes
 
 9
 While in custody, defendant cooperated with the authorities in making several audio tapes that contained telephone conversations with her children and her co-conspirator. The district court denied a motion in limine to exclude their introduction at trial after the government proposed a limiting instruction to the effect that they were not being offered for their inherent truth but to show her intent to cooperate with the authorities, which in turn implied knowledge of the crime. Unfortunately, when the tapes were introduced, neither counsel for the government nor for defendant reminded the court to give the agreed instruction.
 
 
 10
 As a general rule, of course, failure to request a limiting instruction results in a waiver of the issue. United States v. Christian, 786 F.2d 203, 213 (6th Cir.1986); see also Fed.R.Crim.P. 30 ("No party may assign as error any portion of the charge or omission therefrom unless that party objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which that party objects and the grounds of the objection."). Under these circumstances, appellate courts review for plain error only. Fed.R.Crim.P. 52(b).
 
 
 11
 While government counsel suggested and framed the substance of the proposed limiting instruction, defense counsel lodged the objection and thus retained a responsibility pursuant to Rule 30 to follow up on the agreement by ensuring that the court received a proposed instruction. He failed to do so and we thus review for plain error.
 
 
 12
 Defendant first argues that the tapes of the conversations with her children were not relevant. However, in those conversations she discussed the whereabouts of her co-conspirator. According to Fed.R.Evid. 401, " 'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Certainly her acquaintance with her co-conspirator, the individual to whom the van containing the drugs was registered, constitutes evidence "of consequence" given that defendant was alleged to have conspired with that individual to traffic in drugs.
 
 
 13
 Her second contention, that the admission of the tape containing a conversation between herself and her co-conspirator was prejudicial, is also devoid of merit. Although the tapes contained gaps due to technical problems, they were judged by the district court to be sufficiently trustworthy. See United States v. Scarborough, 43 F.3d 1021, 1024 (6th Cir.1994) (noting that admission of tapes is committed to sound discretion of trial court, which is only abused where unintelligible portions are so substantial to render the whole untrustworthy). Having reviewed the transcripts of the tapes, we conclude that they meet this test of reliability.
 
 
 14
 With respect to the hearsay and confrontation problems that defendant alleges the tapes present, we observe (and defendant concedes) that, had the limiting instruction been given, neither contention would have merit. While the absence of the instruction is certainly regrettable, the overwhelming evidence of defendant's involvement in a drug-trafficking conspiracy convinces us that any error with respect to the admission of the tapes would be harmless.
 
 
 15
 Finally, defendant objects to the district court's decision to grant the jury's request to listen to the tapes during deliberation. Once the tapes are admitted into evidence, however, the court retains broad discretion to make them available to the jury. Scarborough, 43 F.3d at 1024. Defendant advances no cogent reason why the court abused its discretion in this instance.
 
 
 16
 In sum, while the handling of the tapes fell short of the ideal, we find no reversible error with respect to their admission or use.
 
 4. Failure to Dismiss Indictment
 
 17
 During trial, counsel for defendant made a belated motion to dismiss the indictment for failure to comply with Fed.R.Crim.P. 5(a), which provides that after an arrest, the officer "shall take the arrested person without unnecessary delay before the nearest available federal magistrate judge or, if a federal magistrate judge is not reasonably available, before a state or local judicial officer authorized by 18 U.S.C. § 3041." In this case, defendant was arrested at 3:45 a.m., transferred to a DEA agent at 10 a.m., and not arraigned on state charges until that evening.
 
 
 18
 First, we observe that this motion should have been offered prior to trial. All of the requisite information was readily available to counsel and we have not been made aware of any excuse for waiting to raise the issue until well into the trial. Having said that, we conclude that the motion is without merit in any event.
 
 
 19
 Although defendant was held in a federal facility for part of the day, she was ultimately arraigned on state criminal charges. A federal arrest warrant did not issue for more than a month after her initial arrest by state law enforcement officers. Particularly in drug-trafficking investigations, it is common for state and federal law enforcement agencies to cooperate. In our view, the requirement of Rule 5(a) that an arrested individual be taken "without unnecessary delay" before a federal magistrate judge applies only when that person has been arrested on federal, not state, charges.
 
 
 20
 While not controlling, a recent Supreme Court case supports our approach. United States v. Alvarez-Sanchez, 114 S.Ct. 1599 (1994). Justice Thomas' discussion of the federal statute governing the admissibility of confessions makes passing reference to Rule 5(a):
 
 
 21
 [T]here can be no "delay" in bringing a person before a federal magistrate until, at a minimum, there is some obligation to bring the person before such a judicial officer in the first place. Plainly, a duty to present a person to a federal magistrate does not arise until the person has been arrested for a federal offense. See Fed.Rule Crim.Proc. 5(a) (requiring initial appearance before a federal magistrate). Until a person is arrested or detained for a federal crime, there is no duty, obligation, or reason to bring him before a [federal] judicial officer "empowered to commit persons charged with offenses against the laws of the United States," and therefore, no "delay" under § 3501(c) can occur.
 
 
 22
 Id. at 1604 (footnote omitted). While defendant argues that she was "detained" for a federal crime, she had been formally arrested by state law enforcement officers and was arraigned on state charges. Given the situation, there was no requirement that she be brought before a federal magistrate judge.
 
 5. Sufficiency of the Evidence
 
 23
 Counsel for defendant includes a pro forma argument that the evidence was insufficient to support the jury's determination of guilt. We note that counsel's brief is woefully inadequate on this point and violates Fed.R.App.P. 28(a)(6), which requires arguments to "contain the contentions of the appellant on the issues presented, and the reasons therefor, with citations to the authorities, statutes, and parts of the record relied on."
 
 
 24
 Nonetheless, our independent review of the trial transcript reveals that the testimony was more than sufficient to sustain the verdict. See Jackson v. Virginia, 443 U.S. 307, 319 (1979) (holding that evidence looked at in light most favorable to government must be sufficient to convince a rational juror of guilt beyond a reasonable doubt).
 
 6. Sentencing Considerations
 
 25
 a. Obstruction of justice
 
 
 26
 The district court imposed a two-level enhancement for obstruction of justice pursuant to U.S.S.G. § 3C1.1. At the sentencing hearing, the court based its decision on the conclusion that defendant committed perjury during her trial testimony:
 
 
 27
 It is clear that a defendant is not to be punished because of the exercise of a constitutional right to put the government to its proof and burden. However, the defendant has no constitutional right to tell a lie under oath. In this case the court is satisfied by the required burden at sentencing of a preponderance of evidence that the defendant's testimony at the trial in this case was untruthful with respect to her repudiation of the prior incriminating statements made by her during the course of the investigation.
 
 
 28
 The court then cited a specific instance of a "plain lie" made by defendant while under oath.
 
 
 29
 Although defendant correctly points out that alleged false testimony should be evaluated in a light most favorable to her, see U.S.S.G. § 3C1.1, comment. (n. 1); United States v. Bueno, 21 F.3d 120, 128 (6th Cir.1994) (concluding that district court committed clear error in finding statement by defendant that he did not speak English at all constituted obstruction), in this case defendant's statements do not give rise to sufficient "reasonable doubt" about their untruthfulness to allow her to evade the enhancement. Unless we are convinced that the trial court committed a clear error of judgment in applying this enhancement, an affirmance is in order. United States v. Smart, 41 F.3d 263, 264 (6th Cir.1994).
 
 
 30
 b. Minimal participant
 
 
 31
 Defendant urges this court to reverse the district court's decision not to grant her a four-level decrease under U.S.S.G. § 3B1.2 as a minimal (or, in the alternative, minor) participant. She denies that she acted as a "mule" in previous drug-hauls, although DEA agents testified that she in fact confessed to those activities. The district court credited this testimony at the sentencing hearing:
 
 
 32
 The facts in this case reflect that the defendant had a substantial involvement in the [co-conspirator's] activities. The court has previously credited the testimony of the officers concerning the defendant's admissions of prior trips, and adopts that finding with regard to this objection....
 
 
 33
 This decision by the district court represents precisely the kind of factual finding/credibility determination that the Guidelines contemplate will be reviewed for clear error. See United States v. Jackson, 55 F.3d 1219, 1224 (6th Cir.), cert. denied, 116 S.Ct. 328 (1995); United States v. Nelson, 922 F.2d 311, 316 (6th Cir.1990), cert. denied, 499 U.S. 981 (1991). We find no clear error in the district court's reasoning and therefore affirm the denial of her request for a reduction.
 
 
 34
 c. Relevant conduct
 
 
 35
 The district court calculated defendant's offense level at 36 by taking into account 15 kilograms of cocaine transported by her for McLean prior to the offense of conviction. Defendant claims that the court improperly relied on hearsay evidence in finding that she transported the cocaine, and that her actions did not constitute relevant conduct under § 1B1.3 of the Guidelines. Defendant is mistaken on both counts. A district court may rely on hearsay at sentencing so long as the evidence has a minimal indicia of reliability. United States v. Silverman, 976 F.2d 1502, 1511 (6th Cir.1992) (en banc), cert. denied, 507 U.S. 990 (1993). The court did not err in relying on the testimony at issue. Further, defendant's prior actions were properly included as relevant conduct. See U.S.S.G. § 1B1.3(a)(2), comment. (n. 3).
 
 II.
 
 36
 For the foregoing reasons, the conviction and sentence of defendant are affirmed.
 
 
 
 *
 The Honorable Charles W. Joiner, United States District Judge for the Eastern District of Michigan, sitting by designation