**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Lindsay Carter SMART, Defendant–Appellant.**

No. 93–4351.

United States Court of Appeals, Sixth Circuit.

Argued Oct. 13, 1994.

Decided Dec. 7, 1994.

William E. Hunt (argued and briefed), Office of the U.S. Atty., Cincinnati, OH, for plaintiff-appellee.

Scott A. Wolf (argued and briefed), Cincinnati, OH, for defendant-appellant.

Before: KENNEDY and JONES, Circuit Judges; and DeMASCIO, District Judge.*

PER CURIAM.

Defendant-Appellant Lindsay Carter Smart appeals his two-level sentence increase based on the lower court's finding that he twice obstructed justice. For the foregoing reasons, we **AFFIRM** the two-level sentence enhancement imposed by the lower court.

## I.

On March 3, 1990, Defendant-Appellant Lindsay Carter Smart ("Smart," a.k.a. "Raymond J. Carter") was arrested in Cincinnati, Ohio, for possession of 42.78 grams of crack cocaine. Smart gave the police the false name, Raymond Carter, and appeared before the municipal court using that name. The judge released Smart on bail, but he failed to appear for arraignment and a warrant was issued.

In October of 1990, Smart was arrested again—this time in Steubenville, Ohio. Like the previous arrest, he used the alias Raymond Carter, made bail, and fled the jurisdiction. Local authorities requested the assistance of the FBI, and the case was presented to a federal grand jury in Cincinnati.

On January 20, 1993, the federal grand jury returned an indictment charging Smart with two counts of possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1) (1988). After trial by jury, Smart was convicted of both counts. Based on Smart's two fraudulent uses of the

name Raymond Carter, the presentence report recommended a two-level enhancement for obstruction of justice pursuant to U.S.S.G. § 3C1.1. J.A. at 92. Smart objected to the recommended two-level adjustment, but he did not challenge the facts as stated in the presentence report. J.A. at 106.

On December 3, 1993, the court held a sentencing hearing. Again, while not disputing the facts, Smart argued that U.S.S.G. § 3C1.1 could not be applied to the facts as stated in the presentence report. J.A. at 116–117, 125. The court rejected Smart's argument and found by a preponderance of evidence that Smart had obstructed justice by twice failing to appear at hearings and using a false name in criminal investigations. J.A. at 109, 123. Based on this finding, the court, pursuant to U.S.S.G. § 3C1.1, enhanced Smart's sentence by two levels.

## II.

On appeal, this court must determine whether the lower court properly raised Smart's offense level by two points based on its finding that he twice obstructed justice. "Sentencing courts retain discretion in deciding whether a defendant's actions constitute an obstruction of justice punishable under the guidelines, and we review such decisions under an abuse of discretion standard." *United States v. Medina,* 992 F.2d 573, 591 (6th Cir.1993) (citing *United States v. Bennett,* 975 F.2d 305, 308 (6th Cir.1992)), *cert. denied,* —— U.S. ——, 114 S.Ct. 1049, 127 L.Ed.2d 371 (1994). In this circuit, an abuse of discretion " 'is defined as a definite and firm conviction that the trial court committed a clear error of judgment.' " *Monette v. AM-7-7 Baking Co.,* 929 F.2d 276, 280 (6th Cir.1991) (quoting *Logan v. Dayton Hudson Corp.* 865 F.2d 789, 790 (6th Cir.1989)) [1].

---

* The Honorable Robert E. DeMascio, United States District Judge for the Eastern District of Michigan, sitting by designation.

1. The Sixth Circuit first announced in *United States v. Bennett,* 975 F.2d 305, 308 (6th Cir. 1992) that it would review a lower court's decision of whether a defendant's actions constituted obstruction of justice for abuse of discretion. The *Bennett* court, however, did not rely on any

case law or the Guidelines in arriving at this conclusion. As a general rule, a court's factual findings in relation to the application of the Sentencing Guidelines are subject to a "clearly erroneous" standard of review, *see* 18 U.S.C. § 3742(e); *United States v. Garner,* 940 F.2d 172, 174 (6th Cir.1991), and legal conclusions regarding the Guidelines are reviewed *de novo. Garner,* 940 F.2d at 174.

### III.

Smart argues that the government failed to prove by a preponderance of the evidence that he obstructed justice and that this court should vacate the trial court's sentence because the trial court misapplied the sentencing guidelines. Smart's arguments are unavailing.

The trial court enhanced Smart's sentence pursuant to United States Sentencing Guideline § 3C1.1, which states the following:

> If the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the investigation, prosecution, or sentencing of the instant offense, increase the offense level by two levels.

U.S.S.G. § 3C1.1 (1993).

" 'Once the sentencing court makes a factual finding as to the applicability of a particular adjustment provision, the court has no discretion, but must increase the offense level by the amount called for in the applicable provision.' " *United States v. Medina*, 992 F.2d at 591 (quoting *United States v. Feinman* 930 F.2d 495, 500 (6th Cir.1991)). "Therefore, circuits have upheld trial courts' determinations that justice was obstructed where judges have made a 'specific finding' that a [defendant's actions amounted to obstruction.]" *Id.* (quoting *United States v. Burnette*, 981 F.2d 874, 878 (6th Cir.1992)).

The trial court made specific findings, by a preponderance of the evidence, that Smart obstructed justice. During the sentencing hearing, the court specifically stated that, by giving a false name, Smart had "prevented [the police] from finding out who he was and what his criminal record was. This man does

have a criminal record.... I think that might make a difference as to whether or not he was available for bond. This man has a previous record of some significance." J.A. at 117.[2] The court later stated that "the Defendant did obstruct justice by failing to appear in court and providing a false name." J.A. at 123.

In its judgment, the court restated its reasons for increasing Smart's offense level. "The Court has considered the defendant's objection to two points given for obstruction of justice.... The preponderance of evidence indicates that the defendant did fail to appear twice at hearings and did use a false name in criminal investigations." J.A. at 109.

At no point has Smart denied using a false name in both earlier state proceedings. Nor does he dispute that this fraudulent behavior enabled him to make bail and flee the jurisdiction in each instance. Smart argued in the proceedings below, as he does now, that these facts do not constitute grounds for sentence enhancement pursuant to U.S.S.G. § 3C1.1 because at the time he committed those acts the federal grand jury had not returned an indictment. The commentary to section § 3C1.1, however, includes among conduct that triggers enhancement (1) willfully failing to appear, as ordered, for a judicial proceeding, (2) providing materially false information to a judge or magistrate, and (3) providing a materially false statement to a law enforcement officer that significantly obstructed or impeded the official investigation or prosecution in the instant case. U.S.S.G. § 3C1.1, comment. (n.3).

Smart's argument that his actions were unrelated to the "instant" case is simply not

---

In the present case, the defendant does not challenge the facts, only the application of the Guidelines to the facts. The *government* argues that this court should review the district court's application of the guidelines under the clearly erroneous standard. Gov't Br. at 6 (citing 18 U.S.C. § 3742(e); *United States v. Head*, 927 F.2d 1361, 1372 (6th Cir.), *cert. denied*, — U.S. —, 112 S.Ct. 144, 116 L.Ed.2d 110 (1991)). Under any standard of review, the lower court did not err.

**2.** The court also found that Smart's failure to appear qualified as "relevant conduct" under the guidelines. The court stated, "I think I may take into account the manner in which this Defendant has conducted himself in terms of the law enforcement, and relevant conduct includes what is essentially a contempt for failure to appear, [and] giving of a false name. This is all a portion of relevant conduct." J.A. at 118–19. It does not appear, however, that the court actually utilized these acts in determining relevant conduct, J.A. 108–111, nor was it raised as an issue on appeal.

tenable.[3] Although few courts have dealt with the federal-state distinction in this context, those that have addressed the issue have uniformly rejected arguments similar to that which Smart now proposes. *See United States v. Adediran,* 26 F.3d 61, 65 (8th Cir. 1994) (holding that pursuant to U.S.S.G. § 3C1.1, the defendant's failure to appear for state court proceeding warranted two-level enhancement for obstruction of justice in connected federal prosecution); *United States v. Emery,* 991 F.2d 907, 910–12 (1st Cir.1993) (holding that pursuant to U.S.S.G. § 3C1.1, enhancement of the defendant's sentence for obstruction of justice was justified by his escape from state custody, even though the escape took place prior to initiation of federal investigation that led to the defendant's federal arrest and conviction); *United States v. Lato,* 934 F.2d 1080, 1082–83 (9th Cir.) (holding that pursuant to U.S.S.G. § 3C1.1, the defendant's acts of obstruction committed during investigation by state could be used for sentencing purposes in determining the federal offense level), *cert. denied,* —— U.S. ——, 112 S.Ct. 271, 116 L.Ed.2d 224 (1991).

In the present case, Smart's indictment, conviction, and sentence stem directly from the arrests in which he used a false name to make bail and flee. The lower court did not err in enhancing Smart's sentence pursuant to U.S.S.G. § 3C1.1. *See United States v. Williams,* 940 F.2d 176, 181 (6th Cir.) (finding evidence that defendant lied about her age and identity at time of arrest and lied to juvenile court judge during hearing sufficient to warrant finding that defendant obstructed justice for purposes of U.S.S.G. § 3C1.1), *cert. denied* —— U.S. ——, 112 S.Ct. 666, 116 L.Ed.2d 757 (1991).

## IV.

We **AFFIRM** the sentencing determination of the district court.

---

**3.** There is no need to address defendant's state law argument, Smart Br. at 5, as defendant was charged under 21 U.S.C. § 841(a)(1). The lower court similarly declined to do so, J.A. at 116, and the present argument borders on frivolous.