UNITED STATES of America, Plaintiff–Appellee,

v.

Andres PEREZ, Defendant–Appellant.

No. 94–2420.

United States Court of Appeals, Seventh Circuit.

Argued Jan. 20, 1995.

Decided March 13, 1995.

Steven Pray O'Connor, Asst. U.S. Atty., Madison, WI, for plaintiff-appellee.

Tracey A. Wood (argued), Kalal & Associates, Madison, WI, for defendant-appellant.

Before POSNER, Chief Judge, FLAUM, Circuit Judge, and McDADE, District Judge.*

McDADE, District Judge.

Defendant, Andres Perez ("Perez"), was indicted and, subsequently, pled guilty and was convicted of one count of conspiracy to distribute cocaine in violation of 21 U.S.C. § 846. The district court sentenced Perez to 78 months in prison. In this appeal, Perez challenges the district court's two level upward adjustment under section 3C1.1 of the United States Sentencing Commission Guidelines Manual ("Guidelines") for obstruction of justice. Perez objects to the district court's finding under section 3C1.1 that he willfully obstructed justice by fleeing the country to avoid state prosecution of a drug charge that eventually constituted an overt act under his federal drug conspiracy charge. Because we find that the district court erred in imposing the two level upward adjustment for obstruction of justice under section 3C1.1, we vacate that portion of the sentence and remand to the district court for resentencing.

## BACKGROUND

On January 5, 1994, as the result of a federal investigation which commenced in December of 1992, Perez was indicted on one count of conspiracy to distribute cocaine in violation of 21 U.S.C. § 846.[1] Perez entered into a plea agreement with the government on March 31, 1994. At his sentencing hearing, the district court, on the recommendation of the probation officer who prepared Perez's presentence report, increased Perez's offense level by two levels under Guideline 3C1.1 for obstructing or impeding justice.[2] Perez's offense level was 26 with a range of 63–78 months. Without enhancement for obstruction, however, his offense level would have been 24 with a range of 51–63 months. Perez was sentenced to 78 months in prison followed by 5 years of supervised release.

The basis for the district court's enhancement of Perez's sentence under Guideline 3C1.1 was a finding that Perez had fled the country while Wisconsin state charges were pending against him. On April 9, 1992, prior to any federal investigation, Perez was arrested by state authorities for possession with intent to distribute cocaine in violation of Wisconsin state law. Defendant was released from state custody on a $10,000 cash bond and was instructed not to leave the state and to appear for trial commencing on July 3, 1992. Disregarding this instruction and seeking to avoid the state prosecution, Perez, left Wisconsin in June of 1992, and on July 3, 1992, left the country and travelled to Managua, Nicaragua.

Perez voluntarily returned to the United States in November 1992. In December of 1992, Perez was rearrested on a state arrest warrant. Perez entered a plea of no contest in the Dane County Circuit Court of Wisconsin on June 29, 1993. Perez was sentenced to 3 years in prison and fined $2,030. After

---

* Hon. Joe Billy McDade of the Central District of Illinois.

1. In the plea agreement, the government agreed that Perez withdrew from the conspiracy on April 9, 1992, which was the time of his arrest on state charges of delivery of cocaine.

2. Although Perez filed objections to this recommendation, the court stated:

I'm prepared to enhance this sentence two levels for the obstruction. The point is that the defendant did flee the jurisdiction. He did leave the country at a time when he was about to be prosecuted by the state, but the whole investigation was part of what has now become the federal prosecution.

The events are the same. The fact that it was investigated at first by the state I don't think is an impediment to considering the obstructive conduct of the defendant, and I looked at the cases that Mr. Anderson has cited and I agree that both of those hold and really quite flatly that the fact that a particular offense is first investigated or developed by the state authorities does not mean that it doesn't constitute the instant offense for purposes of 3C1.1, and I think it was the Ninth Circuit that pointed out that there's nothing in the guideline that says anything about it being a federal offense as opposed to a state offense. It's the same offense you look at and not the particular entity that was prosecuting it at the time the obstruction occurred.

And, the obstruction here is quite blatant, the fact that Mr. Perez fled the country.

serving approximately 10 months of his sentence, Perez was released from state custody.

## STANDARD OF REVIEW

This Court's review of sentences imposed under the Guidelines is limited by statute. 18 U.S.C. § 3742(e). The sentencing court's determination that a defendant has obstructed justice is a finding of fact to be reviewed under the clearly erroneous standard. *United States v. Teta*, 918 F.2d 1329 (7th Cir. 1990). On the other hand, the interpretation of a term of the Guidelines is a question of law subject to *de novo* review on appeal. *Id.* Therefore, if the district court's factual findings are not clearly erroneous, we "are required to affirm the sentence if we determine that it 'was not imposed in violation of law or imposed as a result of an incorrect application of the sentencing guidelines, and is not unreasonable.' 18 U.S.C. § 3742(e)." *Id.* In this case, our review of whether the district court correctly applied the Guidelines in determining that Perez's obstructive conduct in the state proceedings also obstructed the subsequent federal investigation and prosecution is *de novo* because it turns on the meaning of the language of the Guidelines.

## ANALYSIS

The sole issue on appeal is whether the district court erred by enhancing Perez's sentence by two levels under section 3C1.1 for obstruction of justice. Section 3C1.1 of the Guidelines provides:

> If the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the investigation, prosecution, or sentencing of the instant offense, increase the offense level by 2 levels.

U.S.S.G. § 3C1.1. Note 3(e) of the Commentary to Section 3C1.1 provides that "willfully failing to appear, as ordered for a judicial proceeding" is an example of conduct to which the enhancement applies. U.S.S.G. § 3C1.1, comment (n. 3(E)). This is precisely what Perez did on July 3, 1992. Nevertheless, Perez claims that section 3C1.1 is inapplicable in his case because his flight from the state prosecution did not obstruct or impede or attempt to obstruct or impede the later ensuing federal investigation and prosecution of his drug dealings.

At sentencing, the district court found that Perez left the United States at the time he was supposed to be tried on state charges. In addition, the district court found that the criminal conduct underlying the state prosecution from which Perez fled constituted part of the criminal conduct underlying the instant federal offense. The district court did not find that Perez's conduct actually obstructed or impeded Perez's federal investigation, prosecution, or sentencing. How could it since the federal investigation did not commence until after Perez returned to the United States. Nevertheless, the district court reasoned that enhancement was proper under section 3C1.1 because both the state and the federal prosecutions involved the same offensive conduct and found irrelevant the fact that the obstructive conduct occurred prior to any federal investigation or prosecution. In short, the district court considered the state and federal offenses to be one and the same and, for purposes of section 3C1.1, the "instant offense" included the state prosecution. Therefore, under the district court's reasoning, any obstructive conduct—whether it occurred during the state or the federal investigation or prosecution—would warrant a section 3C1.1 enhancement. This reasoning, however, swings too broadly and fails to give effect to the plain language of section 3C1.1.

In *United States v. Polland*, 994 F.2d 1262, 1269 (7th Cir.1993), *cert. denied*, —— U.S. ——, 114 S.Ct. 1115, 127 L.Ed.2d 425 (1994), this Court narrowly interpreted " 'instant offense,' ... [to] refer[ ] solely to the offense of conviction." "Offense of conviction" only includes the conduct charged in the information or indictment under which the defendant was convicted. *United States v. Partee*, 31 F.3d 529, 532 (7th Cir.1994). In this case, the "instant offense" was Perez's federal conviction for conspiracy to distribute cocaine. However, because the state offense was an overt act of the federal conspiracy charge, arguably the state offense is part of the "instant offense" for purposes of section 3C1.1. Consequently, there is a basis for the district judge to say as she did that "it's the

same offense you look at and not the particular entity that was prosecuting it at the time the obstruction occurred." Although, we agree that the factual basis for the state charges are encompassed within the federal offense, the inclusiveness of the federal offense does not necessarily dictate the conclusion that any obstruction of the prior state prosecution automatically compels a finding that the federal prosecution was also obstructed. This is too long a stretch and ignores the temporal requirement of Rule 3C1.1 that the obstructive conduct occur "during" the investigation, prosecution, or sentencing of the instant offense. In other words, section 3C1.1 intends that the obstructive conduct have some discernible impact on the investigation, prosecution, or sentencing of the federal offense which may or may not encompass the state offense. There must be a real and demonstrable connection between the obstructive conduct and the federal investigation, prosecution, or sentencing of the "instant offense." Obstructive conduct having no impact on the investigation or prosecution of the federal offense falls outside the ambit of section 3C1.1 no matter when the obstruction occurs; i.e., whether it occurs during a state or federal investigation or prosecution. Even if the state and federal offenses are the same, under section 3C1.1 it is the federal investigation, prosecution, or sentencing which must be obstructed by the defendant's conduct no matter the timing of the obstruction. To hold otherwise would be contrary to common sense and the plain meaning of section 3C1.1.

This Court has previously indicated that obstructive conduct includes "conduct 'calculated to mislead or deceive' that may affect the truth-finding function of the court" and "it also applies to willful interference with the disposition of criminal charges, conduct that may hinder the progress of a case without the use of deceit." *Teta*, 918 F.2d at 1334. Furthermore, this Court has stated "that in order to impose a two level increase in the case for 'obstruction' under the Guidelines the Court would have to find that the acts of the defendant alleged to obstruct or impede justice were done 'willfully' and with the specific intent 'to avoid responsibility' for the offense for which he was being tried."

*United States v. Haddad*, 10 F.3d 1252, 1260–61 (7th Cir.1993).

It is obvious that enhancement is improper under section 3C1.1 if the obstructive conduct does not obstruct or impede the "instant offense." For example, in *Partee*, this Court held that the defendant's refusal to testify at a codefendant's trial was not obstructive conduct within the meaning of section 3C1.1. *Partee*, 31 F.3d at 532–33. The Court found that the defendant's refusal "to testify at a co-conspirator's trial, did not relate to Partee's charged offense—the offense of conviction." *Id.* at 533. Because of this lack of relation, the defendant's obstructive conduct did not have an impact or effect on the instant offense—possessing cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1). Consequently, the Court held that "[t]he district court improperly enhanced [the defendant's] sentence for obstruction of justice because his failure to testify at his co-defendant's trial did not obstruct justice in 'the instant offense.'" *Id.* at 535. *See also United States v. Bagwell*, 30 F.3d 1454 (11th Cir.1994) (enhancement improper under section 3C1.1 because even though the defendant's conduct obstructed a separate offense, it did not obstruct the instant offense).

Moreover, enhancement is proper under section 3C1.1 if the obstructive conduct clearly interferes with both the state and federal offenses. Indeed, there are cases where a defendant's obstructive conduct may be such that it obstructs or impedes two separate offenses. In *United States v. Ball*, 999 F.2d 339 (8th Cir.1993), the defendant was arrested on state charges for assaulting his girlfriend. Soon after his state arrest, a federal investigation into the defendant's drug manufacturing activities began. Subsequently, the defendant attempted to escape from custody. The Eighth Circuit concluded that "[b]ecause [the defendant] was facing the federal drug charges at the time, his attempted escape from custody constituted not only an attempt to obstruct the state assault proceeding but also an attempt to obstruct the investigation of his federal offenses." *Id.* at 340. As a result, because there was a connection between the defendant's obstructive conduct in

that this conduct affected the investigation, prosecution, or sentencing of his instant offense, the court held that enhancement under 3C1.1 was proper.

Furthermore, in *Polland*, this Court held that "enhancement under section 3C1.1 applies to a defendant who obstructed or attempted to obstruct justice even if the obstruction occurred before the police or prosecutors began investigating the specific acts of the defendant." *Polland*, 994 F.2d at 1269. The basis for this decision was that concealment or destruction of material evidence had an ongoing obstructive impact on the subsequent investigation, prosecution, or sentencing of the instant offense. Therefore, enhancement is proper under section 3C1.1 if the concealment or destruction of material evidence is connected with the instant offense, and the concealment or destruction has an obstructive effect.

In all of the above cases, where enhancement was proper under section 3C1.1, there was a connection between the obstructive conduct and the "instant offense." In addition, the conduct had a discernible obstructive impact on the "instant offense." Therefore, based on the plain language of the Guidelines, this Court holds that there must be an actual obstructive effect on the "instant offense" to trigger an enhancement under section 3C1.1.

The government contends—hanging its hat on the fact that the state charges were "part and parcel" of the federal charge—that Perez obstructed the instant offense. However, even though the state offense constituted part of the federal offense, the obstructive conduct only affected Perez's state prosecution and had no effect on the investigation, prosecution, or sentencing of Perez's federal offense. As Perez notes, the government fails to establish that by fleeing the country he obstructed or impeded or attempted to obstruct or impede the investigation, prosecution, or sentencing of the instant federal offense. Furthermore, the government in its brief and at oral argument failed to articulate how Perez's flight obstructed or impeded or attempted to obstruct or impede the investigation, prosecution, or sentencing of the instant federal offense.

The government would have us rely on application note 3(e) of 3C1.1 which provides, "[enhancement is proper for] escaping or attempting to escape from custody before trial or sentencing; or willfully failing to appear, as ordered, for a judicial proceeding." Clearly, as conceded by defense counsel at oral argument, Perez obstructed his state trial by "failing to appear, as ordered, for a judicial proceeding." However, Perez's failure to appear for his state trial had absolutely no impact and did not obstruct or impede the investigation, prosecution, or sentencing of the "instant offense;" i.e., the federal conviction of conspiracy to distribute cocaine. Consequently, application note 3(e) is inapplicable to the federal charges because Perez did not attempt to escape from custody before his federal hearing nor did he fail to appear for any other federal judicial proceedings. If Perez fled the country during the federal judicial proceedings, whether or not there were also ongoing state proceedings, enhancement would have been proper. *See United States v. Teta*, 918 F.2d 1329 (7th Cir.1990) (enhancement proper because the defendant willfully failed to appear for a judicial proceeding, and the obstruction is obvious because the court could not proceed on the federal charges without the defendant's presence).

By fleeing the country, Perez only obstructed his state trial. Perez's flight did not interfere with the federal investigation, prosecution, or sentencing. We hold, as a matter of law, that the district erred in enhancing Perez's sentence under section 3C1.1 because Perez's conduct did not obstruct or impede the "instant offense"—the federal charge of conspiracy to distribute cocaine—as required by the plain language of section 3C1.1. For the foregoing reasons, we vacate that portion of Perez's sentence regarding the two level enhancement for obstruction of justice under section 3C1.1 and remand for resentencing consistent with this opinion.