110 F.3d 65
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
David GUITY, Defendant-Appellant.
 No. 95-4337.
 United States Court of Appeals, Sixth Circuit.
 March 27, 1997.
 
 Before: KENNEDY, KRUPANSKY, and NORRIS, Circuit Judges.
 
 ORDER
 
 1
 David Guity appeals his judgment of conviction and sentence. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In August 1995, a jury found Guity guilty of possession of heroin in violation of 18 U.S.C. § 841(a)(1), and the district court sentenced him to 78 months of imprisonment.
 
 
 3
 On appeal, Guity's counsel has filed a motion to withdraw and a brief pursuant to Anders v. California, 386 U.S. 738 (1967). Guity has not responded to his counsel's motion to withdraw.
 
 
 4
 Upon review, we conclude that the district court properly denied Guity's motion to sever. See United States v. Welch, 97 F.3d 142, 147 (6th Cir.1996), petition for cert. filed, (U.S. Dec. 30, 1996) (Nos. 96-7284 and 7396). The district court concluded, prior to trial, that Guity's and his codefendant's post-arrest statements would be inadmissible during the trial. Furthermore, Guity presented no evidence to overcome the presumption that the jury was capable of sorting out the evidence and considering the cases of each defendant. See United States v. Horton, 847 F.2d 313, 317 (6th Cir.1988). The district court also properly denied Guity's motion to suppress. See United States v. Leake, 95 F.3d 409, 416 (6th Cir.1996). The police had probable cause to stop Guity. See New York v. Belton, 453 U.S. 454, 457 (1981). Furthermore, there was sufficient evidence to support Guity's conviction. See Jackson v. Virginia, 443 U.S. 307, 324 (1979). The government presented evidence establishing that Guity knowingly possessed heroin with the intent to distribute. United States v. Jackson, 55 F.3d 1219, 1225 (6th Cir.), cert. denied, 116 S.Ct. 328 (1995). Guity presented no evidence that the trial court abused its discretion when it impaneled Guity's jury. See United States v. Blanton, 719 F.2d 815, 822 (6th Cir.1983), cert. denied, 465 U.S. 1099 (1984). Finally, the district court properly enhanced Guity's offense level for obstruction of justice. See United States v. Smart, 41 F.3d 263, 264 (6th Cir.1994). Guity obstructed justice when he provided false testimony during his trial. See United States v. Dunnigan, 507 U.S. 87, 92-93 (1993).
 
 
 5
 Lastly, we have examined the record in this case and conclude that no reversible error is apparent from the record.
 
 
 6
 Accordingly, we hereby grant counsel's motion to withdraw, and affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.