*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2001 FED App. 0061A (6th Cir.)
File Name: 01a0061a.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

_____

UNITED STATES OF AMERICA,
     *Plaintiff-Appellee,*

     *v.*

TONY TERRELL ROBERTS,
     *Defendant-Appellant.*

No. 99-5581

Appeal from the United States District Court
for the Western District of Tennessee at Memphis.
No. 97-20125—Bernice B. Donald, District Judge.

Argued: September 15, 2000

Decided and Filed: March 6, 2001

Before: JONES, SILER, and CLAY, Circuit Judges.

_____

## COUNSEL

**ARGUED:** Doris A. Randle-Holt, OFFICE OF THE FEDERAL DEFENDER FOR THE WESTERN DISTRICT OF TENNESSEE, Memphis, Tennessee, for Appellant. Tracy L. Berry, ASSISTANT UNITED STATES ATTORNEY, Memphis, Tennessee, for Appellee. **ON BRIEF:** Doris A. Randle-Holt, OFFICE OF THE FEDERAL DEFENDER FOR THE WESTERN DISTRICT OF TENNESSEE, Memphis, Tennessee, for Appellant.

1

Tracy L. Berry, ASSISTANT UNITED STATES ATTORNEY, Memphis, Tennessee, for Appellee.

---

**AMENDED OPINION**

---

PER CURIAM. Defendant-Appellant Tony Terrell Roberts claims that the district court erred in its application of the United States Sentencing Guidelines. He appeals the sentence imposed. In particular, he argues that the court erred in enhancing his sentencing level for obstruction of justice and in failing to reduce his sentencing level for acceptance of responsibility. For the reasons set forth below, we **AFFIRM** the district court.

## I.

In January of 1997 Tony Terrell Roberts was indicted in the Circuit Court for Crittenden County, Arkansas, for felony rape and kidnaping. One count involved a nine-year-old girl and the other a fourteen-year-old girl. On separate occasions, Roberts lured the girls over to his car, pulled them into his car, and then drove away and raped them. While in state custody for these offenses Roberts escaped. The state issued a warrant for Roberts' escape on May 16, 1997.

On June 18, 1998, with respect to the same kidnapings, a federal grand jury in the Western District of Tennessee indicted Roberts on two counts of interstate kidnaping of juveniles for the purpose of engaging in sexually explicit conduct, in violation of 18 U.S.C. § 1201(a). Pursuant to the indictment, federal authorities arrested Roberts in Michigan months after his escape in Arkansas.

Roberts pled guilty to the indictment on September 30, 1998. The presentence investigation report recommended an enhancement for obstruction of justice because of Roberts' escape and recommended denying a decrease for acceptance of responsibility because of its inconsistency with the

In addition, in denying the acceptance of responsibility reduction the sentencing court appears to have considered false statements that Roberts made subsequent to his state arrest but prior to any federal involvement. (J.A. at 84-87.) However, this Court has recently held that "a district court may not use a defendant's pre-indictment state crimes as a basis for denying him an offense-level reduction under § 3E1.1, where that defendant had no pre-indictment notice of federal government interest in his activities." *United States v. Holland*, No. 99-6120, 2001 U.S. App. LEXIS 113, at *5 (6th Cir. Jan. 3, 2001) (unpublished) (citing *United States v. Jeter*, 191 F.3d 637, 639 (6th Cir. 1999)); *see also United States v. Tilford*, 224 F.3d 865 (6th Cir. 2000) (further holding that where the defendant had been put on notice of the federal government's interest in his affairs by an interview with federal authorities, but the defendant did not accept responsibility at that time, the relevant period for § 3E1.1 began when the defendant accepted responsibility by entering guilty pleas). The same should apply for false statements. Nonetheless, given the sentencing court's finding that this case was not so unusual as to warrant an acceptance of responsibility reduction simultaneous to an obstruction of justice enhancement, any error the court made in considering other factors was harmless.

For the reasons stated above, we **AFFIRM** the sentence.

responsibility normally enjoys the protection of the 'clearly erroneous' standard, and will not be overturned unless it is without foundation." *United States v. Castillo-Garcia*, 205 F.3d 887, 889 (6th Cir. 2000) (citing *United States v. Morrison*, 983 F.2d 730, 732 (6th Cir.1993)).

Guideline 3E1.1 provides that the offense level shall be decreased by two levels if the "defendant clearly demonstrates acceptance of responsibility for his offense." Application Note 3 states,

[e]ntry of a guilty plea prior to the commencement of trial combined with truthfully admitting the conduct comprising the offense of conviction, and truthfully admitting . . . additional relevant conduct . . . will constitute significant evidence of acceptance of responsibility. . . . However, this evidence may be outweighed by conduct of the defendant that is inconsistent with such acceptance of responsibility.

Application Note 4 indicates that the acceptance of responsibility decrease is generally not appropriate if the defendant's conduct has resulted in an obstruction of justice enhancement under U.S.S.G. §3C1.1. However, it does say that "[t]here may . . . be extraordinary cases in which adjustments under both §§ 3C1.1 and 3E1.1 may apply."

"Sixth Circuit law interpreting this provision has consistently granted district courts great leeway when making this determination." *United States v. Kellihan*, No. 99-5214, 99-5216, 2000 WL 190086, *2 (6th Cir. Feb. 7, 2000) (unpublished). In *United States v. Williams*, 940 F.2d 176, 183 (6th Cir. 1991), the Court referenced the "extraordinary cases" provision and stated "courts have employed an exacting standard to determine whether a defendant has accepted responsibility after having obstructed justice." It is the defendant who bears the burden of showing by a preponderance of the evidence that he accepted responsibility for the crime he committed. *See id.* at 181. The sentencing court specifically found that there was nothing extraordinary about this case that warranted its falling within this exception.

---

obstruction of justice enhancement. Appellant objected to the denial of the acceptance of responsibility reduction and to the enhancement for obstruction of justice.

The district court held a sentencing hearing on April 16, 1999. At the hearing, the government called the fourteen year-old victim as a witness and presented the hearsay testimonials of the nine-year-old and one of the victims of an attempted abduction. Roberts also testified. He admitted to the criminal conduct involved, but he also admitted that following his initial arrest he told investigators that he had let the nine-year-old go without touching her and that he had told investigators that he talked the fourteen-year-old into having sex. Roberts also said that he felt bad for the victims and their families.

The district court, focusing its attention on his escape and the false statements Roberts made to police, denied Roberts' objection to the obstruction of justice enhancement. The district court also denied the acceptance of responsibility reduction. In doing so the court said that it was looking at the "spectrum of defendant's conduct as it relates to the particular offense." (J.A. at 84.) The court referred to Roberts' false statements to police and the fact that the court was going to grant the obstruction of justice enhancement, which is ordinarily not consistent with acceptance of responsibility. The court specifically stated that there was nothing extraordinary about the case to warrant a deduction of points for acceptance of responsibility while at the same time adding points for obstruction of justice. (J.A. at 87.)

## II.

In reviewing a district court's application of obstruction of justice enhancements under U.S. Sentencing Guidelines Manual ("U.S.S.G.") § 3C1.1 (1998), we employ a three-step process of review. *See United States v. McDonald*, 165 F.3d 1032, 1034 (6th Cir. 1999). First, this Court applies a clearly erroneous standard to the district court's findings of fact with respect to the enhancement. *See id.* Second, a district court's determination of whether facts constitute obstruction of

justice is a mixed question of law and fact that requires *de novo* review. *See id.* Third, once there has been a finding that the defendant obstructed justice, application of the enhancement is mandatory, so review of the enhancement at that point is *de novo*. *See id.*

Guideline § 3C1.1 provides for sentence enhancement where the defendant has obstructed justice. It states:

> If (A) the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the course of the investigation, prosecution, or sentencing of the instant offense of conviction, and (B) the obstructive conduct related to (i) the defendant's offense of conviction and any relevant conduct; or (ii) a closely related offense, increase the offense level by 2 levels.

In addition, Application Note 4(e) of U.S.S.G. § 3C1.1 establishes that "escaping . . . from custody before trial or sentencing" is an example of conduct to which the obstruction of justice enhancement applies. However, for the enhancement guideline to apply, the obstructive conduct must have occurred "during the course of the investigation, prosecution, or sentencing of the *instant offense* of conviction." U.S.S.G. § 3C1.1 (emphasis added). Therefore, we must determine whether the phrase "instant offense" prevents the court from applying the enhancement on the basis of the escape from state authorities before the federal investigation began. We conclude that Roberts' escape from state authorities did constitute obstruction of justice under U.S.S.G. § 3C1.1 so that enhancement was proper.

In *United States v. Smart*, 41 F.3d 263 (6th Cir. 1994), this Court affirmed the district court's enhancement of the defendant's sentence even though the obstructive conduct preceded federal charges. The defendant was arrested by local police in Cincinnati, Ohio for possession of crack cocaine. *See id.* at 264. He gave police a false name and appeared before the municipal court using that name. Then, after he was released on bail, he failed to appear for his

§ 3C1.1 and increased his offense level for obstructing justice. *See id.* The Seventh Circuit vacated that portion of the sentence and explained that to apply U.S.S.G. § 3C1.1 "there must be an actual obstructive effect on the 'instant offense' to trigger an enhancement." *Id.* at 400. The court further stated that "even though the state offense constituted part of the federal offense, the obstructive conduct only affected Perez's state prosecution and had no effect on the investigation, prosecution, or sentencing of Perez's federal offense." *Id.*

This case can be distinguished from the one at bar in that the federal charges were not initiated against Perez until after he had returned to this country, was rearrested, and served his state-imposed sentenced. Roberts, on the other hand, was federally indicted after he had escaped from the custody of the state of Arkansas and *before* he was rearrested. In other words, he was still on the run when federal charges were filed against him. The fact that he was on the run rather than in the custody of the state would have made it much more difficult for federal authorities to prosecute Roberts. Unlike the situation in *Perez*, Roberts' obstructive conduct--escape--*did* have an effect on the federal prosecution. *See id.* Nevertheless, to the extent that *Perez* may be interpreted as holding that an escape from state custody that precedes federal involvement cannot be the basis for enhancing the sentence for a federal offense that has as its underlying basis the same conduct for which the defendant was held by state authorities, we disagree.[1]

### III.

Roberts also challenges the district court's denial of a sentencing reduction for acceptance of responsibility. "Because it is generally a question of fact, the trial court's determination of whether a defendant has accepted

---

[1] Having concluded that the obstruction of justice sentence enhancement was proper based on Roberts' escape from state custody, we decline to address whether the enhancement was proper based on misstatements made by Roberts to authorities following his arrest.

offense he committed, that is to prevent the successful uncovering of his scheme to defraud insurance companies." *Id.* Thus, the obstructive conduct was connected to the instant offense.

In each of these cases, the fact that the federal charges were different from state charges was not significant. The determinative factor was that both sets of charges, and the obstruction activity, were related to the same underlying activity.

In the case at bar, Roberts escaped while he was in state custody on charges involving kidnaping and rape. After his escape (and before his re-arrest) Roberts was indicted on two counts of interstate kidnaping of juveniles for the purpose of engaging in sexually explicit conduct. Both sets of charges were based on the same underlying activity--the kidnapings and rapes. Therefore, the obstructive conduct--the escape-- was connected to the "instant" (or federal) offense, even though it preceded the federal indictment. Moreover, as in *Lato*, Roberts' escape was designed to prevent himself from being prosecuted at all--by any entity--for his actions involving the girls. *Id.* Thus, by escaping he was obstructing justice.

Roberts relies on a Seventh Circuit case, *United States v. Perez*, 50 F.3d 396 (7th Cir. 1995), in which the court held that an obstruction of justice enhancement was inappropriate where the defendant had fled the country while state charges were pending against him. In April1992 the defendant was arrested by state authorities for possession with intent to distribute cocaine, and while he was out on bond prior to his trial he left the state and eventually fled to Nicaragua. *See id.* at 397. He voluntarily returned to the United States in November 1992, and a month later he was rearrested on the state warrant. He served 10 months of his three-year sentence and was released. *See id.* In December 1992 a federal investigation began. On January 5, 1994 he was indicted on one count of conspiracy to distribute cocaine in violation of 21 U.S.C. § 846. *See id.* The district court applied U.S.S.G.

arraignment. *See id.* He was arrested again in Steubenville, used his alias, made bail, and fled the jurisdiction. *See id.* At that point, local authorities enlisted the assistance of the FBI. Three years later a federal grand jury indicted the defendant, charging him with possession with intent to distribute crack cocaine. A jury found him guilty, and, based on his two fraudulent uses of the alias, the district court applied the obstruction of justice sentence enhancement. *See id.* The Sixth Circuit rejected the defendant's argument that his obstructive actions were unrelated to the "instant" case and concluded that, "[i]n the present case, Smart's indictment, conviction, and sentence stem directly from the arrests in which he used a false name to make bail and flee. The lower court did not err in enhancing Smart's sentence pursuant to U.S.S.G. § 3C1.1." *Id.* at 266.

Roberts argues that *Smart* is distinguishable from the case at bar because in *Smart* the state and federal offenses were the same; whereas, in this case the state charges were for felony rape and kidnaping and the federal indictment was for interstate kidnaping of juveniles for the purpose of engaging in sexually explicit conduct. We find this distinction to be of little significance. Any question as to whether the holding in *Smart* applies to this case is easily resolved. In *Smart*, we cited with approval cases from other circuits which had rejected defendants' arguments that their obstruction activity did not relate to the instant offense because it preceded federal involvement; in none of these cases were the federal charges identical to the earlier state charges. *See id.* at 265-66 (citing *United States v. Adediran*, 26 F.3d 61, 65 (8th Cir. 1994); *United States v. Emery*, 991 F.2d 907, 910-12 (1st Cir. 1993); *United States v. Lato*, 934 F.2d 1080, 1082-83 (9th Cir. 1991). We reiterate here that we agree with our sister circuits that have held that obstructive conduct occurring during the state investigation or prosecution and preceding federal involvement triggers the enhancement even if the federal charge is not identical to the state charge, so long as the underlying behavior is connected to both offenses.

For instance, in *United States v. Adediran*, 26 F.3d 61 (8th Cir. 1994), the court held that the defendant's sentence was properly enhanced for obstruction of justice on the basis that the defendant had failed to appear for state proceedings. The defendant in that case was arrested by local police after he used false names, false social security numbers, and a false state identification card to open checking and other accounts. *See* 26 F.3d at 62. He was held for several days, and when he posted bond he was released with the instruction to appear for arraignment. He failed to do so. *See id.* The defendant was eventually arrested again and indicted on a federal charge for falsely misrepresenting his Social Security Account Number, with the intent to deceive and for the purpose of obtaining something of value, in violation of 42 U.S.C. § 408(a)(7)(B)(1991). *See id.* at 62-63. In considering his appeal of an obstruction of justice sentence enhancement, the court said, "[w]ithout a doubt, if [the defendant] had failed to appear for a federal court date, the enhancement would have been proper. We must therefore decide whether the mere fortuity of being charged in state court should excuse [the defendant's] blatant attempt to avoid the administration of justice." *Id.* at 64. The court noted that the language of the Guideline makes no distinction between state and federal authorities or proceedings. *See id* at 65. The court said that the "instant offense" language "requires some connection between the obstructed state proceedings and the investigation of the federal offense." *Id.* The court found this requirement easily satisfied because the defendant's misrepresentation of his Social Security Account Number (the basis of the federal charges) "was an intimate part of the conduct for which local police arrested him." *Id.*

Similarly, in *United States v. Emery*, 991 F.2d 907 (1st Cir. 1993), the court affirmed an obstruction of justice enhancement that was imposed on the basis of the defendant's attempted escape, even though the attempted escape occurred before the federal investigation began. The defendant was initially arrested by local police after he had been involved in a complex check kiting scheme. Multiple federal charges were filed. He pled guilty to impersonation of an Internal

Revenue Service agent and bank fraud. *See id.* at 909. After his state arrest, but before the federal investigation began, the defendant had attempted to escape from state custody. *See id.* In analyzing the defendant's complaint that the obstruction of justice enhancement was not proper because the attempted escape preceded the federal investigation, the court said that it was obvious that escaping or attempting to escape constitutes obstruction. *See id.* at 911. Then, the court recognized, "[t]he slightly more difficult task is defining when conduct can be said to have occurred 'during the investigation . . . of the instant offense.'" *Id.* The court insisted that a common-sense reading of the Guideline suggested that the enhancement was meant to apply if "notwithstanding the lack of an ongoing federal investigation, there is a close connection between the obstructive conduct and the offense of conviction." *Id.* That requirement was satisfied, according to the court, because the behavior for which the local police arrested the defendant (using false documents to open bank accounts and withdraw money) was "the very essence" of the federal offense. *See id.*

Likewise, in *United States v. Lato*, 934 F.2d 1080 (9th Cir. 1991), the court held that an obstruction of justice sentence enhancement was appropriate even though the obstructive conduct had occurred during the state, rather than federal, investigation. The defendant in *Lato* was initially investigated by state authorities in relation to insurance fraud activities. *Id.* at 1082. After his arrest the defendant denied using another name, even though he had social security cards and a passport bearing different names. *See id.* In addition, he sent letters to a witness telling her to lie to the police. *See id.* Eventually, federal charges were brought against him and he pled guilty to federal mail fraud. *See id.* The court determined that the "instant offense" language in U.S.S.G. § 3C1.1 requires a "connection between the obstruction and the federal offense for which defendant is being sentenced." *Id.* at 1083. However, the court called the distinction between obstruction during the investigation by state versus federal authorities false and said, "[t]he actions of [the defendant] were certainly designed to obstruct the investigation of the