UNITED STATES of America,
Plaintiff–Appellee.

v.

Albert Wayne FRANCHECK,
Defendant–Appellant,

No. 02–5502.

United States Court of Appeals,
Sixth Circuit.

April 28, 2003.

Before SILER, GILMAN, and GIBBONS, Circuit Judges.

PER CURIAM.

Defendant-appellant Albert Wayne Francheck was convicted after a non-jury trial of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and possession of a firearm with an obliterated serial number in violation of 18 U.S.C. § 922(k). He also pled guilty to two counts of possessing cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1). On appeal, Francheck contends that as a matter of law the evidence presented by the government was insufficient to establish that Francheck's possession of the firearm had a substantial effect on interstate commerce as required under 18 U.S.C. § 922(g). Francheck further claims that the district court erred in failing to reduce his sentence for acceptance of responsibility. For the reasons set forth below, we affirm Francheck's conviction and sentence.

I.

On July 10, 1998, officers of the Eighteenth Judicial Drug Task Force executed a search warrant at Albert and Tabitha Francheck's residence in Gallatin, Tennessee. The search warrant was executed after Francheck sold three grams of cocaine to an undercover officer in the garage of his residence. During the search, officers found a ROHM derringer firearm, cocaine residue and marked money, which had been used to purchase cocaine from Francheck. The serial number was no longer distinguishable on the firearm.

On March 15, 2000, a federal grand jury returned a two-count indictment naming Francheck as a defendant. Count One charged Francheck with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Count Two charged Francheck with possession of a firearm with an obliterated serial number in violation of 18 U.S.C. § 922(k). On March 20, 2000, Francheck was released on bond.

On June 2, 2000, officers from the Eighteenth Judicial Drug Task Force arranged for a controlled drug transaction with Francheck. During that transaction, Francheck gave a police informant $5,000 in exchange for eight ounces of cocaine. The officers arrested Francheck and subsequently searched his residence. The search uncovered an additional forty grams of cocaine.

A superseding indictment was issued on July 13, 2000. In addition to the two original counts, the superseding indictment charged Francheck with two counts of possessing cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1).

On June 19, 2000, while on pretrial release. Francheck absconded. The United States Marshal Service apprehended Francheck on March 12, 2001, at a motel room

in Nashville, Tennessee. After frustrating Francheck's attempts to block the door to his motel room, the marshals entered and discovered eight ounces of cocaine and $3,800 in cash.

In September 2001, Francheck moved to dismiss Counts One and Two of the superseding indictment arguing, among other things, that the government had no evidence that Francheck's possession of the firearm affected or was connected to interstate commerce. Francheck claimed that "[t]he fact that the gun may have at some time in the past, prior to Mr. Francheck's possession. traveled across state lines is legally insufficient to prove a current interstate commerce connection." The district court denied the motion.

On November 16, 2001, the district court held a bench trial on Counts One and Two. At trial, Francheck and the government stipulated to several facts, including Francheck's status as a convicted felon based on a previous conviction for possession of cocaine with intent for resale on November 17, 1995. Francheck further stipulated to admitting that he owned the firearm found at his residence and that the "firearm was not manufactured in the State of Tennessee and therefor [sic] at some point traveled in interstate commerce." The government, however, stipulated that its "proof would not establish that the defendant Albert Wayne Francheck actually carried or transported the firearm in interstate or foreign commerce." Francheck was convicted on both Counts One and Two. Francheck then pled guilty to Counts Three and Four.

At sentencing Francheck moved for a sentence reduction for acceptance of responsibility under § 3E1.1 of the United States Sentencing Guidelines. The district court denied Francheck's request for a reduction for acceptance of responsibility and sentenced him to seventy-eight months imprisonment and three years supervised release. This timely appeal followed.

## II.

Francheck first argues that as a matter of law the evidence is insufficient to sustain his convictions under Counts One and Two because the government failed to establish that the firearm possessed by Francheck was "in or affecting interstate commerce" as required by 18 U.S.C. § 922(g). A district court's legal conclusions are reviewed de novo. United States v. Roberts, 223 F.3d 377, 380 (6th Cir. 2000). When reviewing a motion to dismiss, where the defendant is arguing that as a matter of law the undisputed facts do not constitute the offense charged in an indictment, the court is reviewing a question of law, not fact. See, e.g., United States v. Bowman, 173 F.3d 595 (6th Cir. 1999). According to Francheck, under 18 U.S.C. § 922(g), evidence that at some undetermined time in the past the firearm at issue was manufactured outside of Tennessee and then transported into Tennessee is insufficient to sustain a conviction. Instead, the government must present evidence that Francheck personally possessed the firearm in a manner affecting commerce.

In United States v. Napier, 233 F.3d 394, 401 (6th Cir.2000), this court held that proof that a firearm possessed by a defendant previously traveled in interstate commerce "is sufficient to establish the interstate commerce connection" under 18 U.S.C. § 922(g). Francheck argues that the Supreme Court's opinion in Jones v. United States, 529 U.S. 848, 120 S.Ct. 1904, 146 L.Ed.2d 902 (2000), suggests a holding contrary to that set forth by this court in Napier. This court, however, directly rejected that argument in Napier, stating: "Nothing in Jones suggests that

the Supreme Court is backing off its opinion that § 1202(a), the predecessor of § 922(g)(1), required only 'the minimal nexus that the firearm have been, at some time, in interstate commerce.'" *Napier*, 233 F.3d at 401 (quoting *Scarborough v. United States*, 431 U.S. 563, 575, 97 S.Ct. 1963, 52 L.Ed.2d 582 (1977)). Therefore, we find that the interstate nexus requirement under 18 U.S.C. § 922(g) is satisfied in this case because the parties stipulated that the firearm at issue traveled in interstate commerce at some point prior to Francheck's possession of the firearm.

Francheck next argues that the district court erred in denying him a reduction in his sentence under § 3E1.1 of the Sentencing Guidelines based on his acceptance of responsibility. "Because it is generally a question of fact, the trial court's determination of whether a defendant has accepted responsibility normally enjoys the protection of the 'clearly erroneous' standard, and will not be overturned unless it is without foundation." *United States v. Roberts*, 243 F.3d 235, 240–41 (6th Cir. 2001) (quotations omitted). According to § 3E1.1 of the Sentencing Guidelines, the court may decrease a defendant's offense level "[i]f the defendant clearly demonstrates acceptance of responsibility for his offense." Application Note three to § 3E1.1 states as follows:

> Entry of a plea of guilty prior to the commencement of trial combined with truthfully admitting the conduct comprising the offense of conviction, and truthfully admitting or not falsely denying any additional relevant conduct for which he is accountable ... will constitute significant evidence of acceptance of responsibility for the purposes of subsection (a). However, this evidence may be outweighed by conduct of the defendant that is inconsistent with such acceptance of responsibility. A defendant who enters a guilty plea is not entitled

to an adjustment under this section as a matter of right.

Application Note four provides that conduct resulting in an enhancement for obstruction of justice under § 3C1.1 generally indicates that the defendant has not accepted responsibility. The note states, however, that there may be "extraordinary cases in which adjustments under both §§ 3C1.1 and 3E1.1 may apply."

Francheck received an enhancement for obstruction of justice under § 3C1.1 as a result of his decision to abscond from pretrial supervision and remain a fugitive for over eight months. In addition, while a fugitive, Francheck continued to commit drug offenses. Because Francheck received an enhancement for obstruction of justice, he bears the burden of establishing that his situation is an extraordinary case where both adjustments may apply. See *Roberts*, 243 F.3d at 241. The district court found that the timeliness of his acceptance of responsibility did not weigh in his favor because he did not accept responsibility until after he was arrested, absconded, and was arrested for a second time. While the district court recognized that Francheck had undergone substantial post-rehabilitative efforts and truthfully admitted his criminal conduct to the court, the court concluded that such conduct did not outweigh the absconding conduct, including his continued drug use while a fugitive. According to the court, Francheck's case was "not an extraordinary case where both adjustments can apply."

■ Francheck argues that the district court erred in finding that his case did not involve extraordinary circumstances supporting a reduction because Francheck (1) admitted his conduct comprising the offenses in question; (2) entered a plea of guilty; (3) expressed remorse for his offenses; (4) offered to assist the government in other investigations; and (5) com-

pleted a post-offense drug rehabilitation program since his incarceration. The district court recognized the factors that Francheck cites, but found that these factors were outweighed by Francheck's absconding conduct and drug use while a fugitive. Because Francheck received an enhancement under § 3C1.1 for absconding from federal custody, remained a fugitive for over eight months until arrested by federal marshals, and continued his involvement with drugs while a fugitive, we conclude that the district court's decision to deny the reduction for acceptance of responsibility was not clearly erroneous.

### III.

For the reasons set forth above, we affirm the judgment of the district court.