[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
August 20, 2004
THOMAS K. KAHN
CLERK

_____

No. 03-14354
Non-Argument Calendar

_____

D. C. Docket No. 02-00009-CR-T-23-TGW

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GARRY VICTOR FRASIER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(August 20, 2004)**

Before TJOFLAT, ANDERSON and WILSON, Circuit Judges.

PER CURIAM:

In January 2002, appellant and Lonnie Code were indicted for having

committed the following armed bank robberies in Florida: Count One, an October 23, 2001 robbery of the Suncoast Schools Federal Credit Union in Bradenton; Count Four, a November 8, 2001 robbery of the Washington Mutual Bank in Orlando; Count Six, a November 13, 2001 robbery of the Prosperity Bank in St. Augustine. Appellant was charged in Counts Two and Seven with using or carrying a firearm during and in relation to the robberies charged in Counts One and Six.

Code pled guilty as charged; appellant stood trial before a jury. After the district court denied his motion for judgment of acquittal, the jury convicted appellant on all counts. The court sentenced him to prison on all counts for a total of 528 months as follows: concurrent sentences of 168 months on Counts One, Four and Six, a consecutive sentence of 60 months on Count Two, and a consecutive sentence of 300 months on Count Seven. Appellant now appeals his convictions on Counts Two and Seven and his sentences.

I.

Appellant contends that the district court should have granted his motion for judgment of acquittal on Counts Two and Seven on the ground that the evidence was insufficient to show that he used and carried a handgun during the robberies of the Suncoast Schools Federal Credit Union and the Prosperity Bank. Actually, his

contention is that the testimony of the witnesses who said that he was armed with a handgun during those robberies is unworthy of belief.

The prosecutor presented these witnesses. In support of Count Two, the prosecutor called a Suncoast service center manager. She testified that two men entered the credit union and robbed it of $15,500. She identified appellant as a man depicted in a photo taken by a security camera during the robbery. Appellant was holding a firearm. A Suncoast customer and a Suncoast teller also identified appellant from the same photo. In support of Count Seven, the prosecutor called a Prosperity Bank employee whom appellant confronted during the robbery. He was armed. She had no trouble identifying him. The branch manager also identified appellant as one of the robbers. Appellant entered his office, instructed him to move into the lobby, and pulled out a gun.

The testimonies of the Count Two and Seven witnesses, along with the photos made during the course of these robberies, were more than adequate to establish the offenses charged in Counts Two and Seven of the indictment. We therefore affirm appellant's convictions on those counts

II.

Appellant asks that we set aside his sentences on Counts One, Four, and Six and remand the case for resentencing on the ground that the district court, in

3

determining the appropriate sentencing ranges under the Guidelines for those counts, clearly erred in adjusting his base offense levels upward by two levels pursuant to U.S.S.G. § 3C1.1. We find no clear error and therefore affirm appellant's sentences.

A two-level, obstruction-of-justice enhancement is appropriate under section 3C1.1 if (1) a defendant willfully obstructed or impeded "the course of the investigation, prosecution, or sentencing of the instant offense of conviction," and (2) the obstructive conduct related to either the offense of conviction or any relevant conduct. U.S.S.G. § 3C1.1. Attempting to escape from custody prior to trial constitutes obstruction of justice under § 3C1.1. U.S.S.G. § 3C1.1, comment (n.4(e)).

The court applied section 3C1.1 in this case because it found that appellant attempted to escape from the Orange County, Florida jail to avoid federal prosecution. Appellant was being held in the Orange County jail as a pretrial detainee, having been charged by the State of Florida for committing the bank robberies at issue here. An FBI agent came to the jail and informed appellant that the federal government was investigating the robberies and that he was a target of the investigation. The agent hoped that appellant, once indicted by a federal grand jury, would cooperate and assist the government in recovering the stolen money.

Following the agent's visit, appellant attempted to escape from the jail.

Appellant contends that section 3C1.1 is inapplicable in this case because no federal charges were pending at the time of his escape attempt. Absent federal charges, he could not have known that he was obstructing a federal investigation. He cites United States v. Rudisill, 187 F.3d 1260 (11th Cir. 1999), to support his theory that to receive an obstruction-of-justice enhancement, the defendant must have known that he was being detained for a federal proceeding.

In Rudisill, we held that a defendant's encouragement of a witness to flee, rather than comply with a federal grand jury subpoena, constituted obstruction of justice. Rudisill, 187 F.3d at 1264. Although we have not passed on the situation appellant's case presents, other circuits expressly have found that an obstruction-of-justice enhancement is applicable where the defendant's conduct obstructed a state investigation, which later turned into a federal investigation. See United States v. Imenec, 193 F.3d 206, 209 (3rd Cir. 1999) (concluding that "a § 3C1.1 enhancement is appropriate where the defendant has obstructed a prosecution based on the same criminal conduct underlying the offense of conviction even though that prosecution [was] going forward in a state court"); United States v. Emery, 991 F.2d 907, 911 (1st Cir.1993) (finding that a defendant should not be rewarded "merely because he managed to engineer his attempted escape just before

5

the federal investigation formally began"); United States v. Roberts, 243 F.3d 235, 240 (6th Cir. 2001) (finding that escape, which preceded federal involvement in a case, could be grounds for an obstruction-of-justice enhancement); United States v. Adediran, 26 F.3d 61, 65 (8th Cir. 1994) (stating that obstruction-of-justice enhancement was not barred because state entities were involved); United States v. Lato, 934 F.2d 1080, 1083 (9th Cir. 1991) (ruling that the obstruction of a state investigation was sufficient for an obstruction-of-justice enhancement). In contrast, only the Seventh Circuit has found that the obstruction of a state investigation was insufficient to justify imposition of the section 3C1.1 enhancement. See United States v. Perez, 50 F.3d 396, 400 (7th Cir.1995) (finding that defendant's act of fleeing a state drug charge did not impede a later federal drug conspiracy charge).

Because an FBI agent had informed appellant prior to his attempted escape that the federal government was going to prosecute him, we conclude that the district court was justified in imposing the obstruction-of-justice enhancement.

AFFIRMED.