NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 11a0187n.06

No. 09-2637

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
**Mar 28, 2011**
LEONARD GREEN, Clerk

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

JESUS ROBERTO BALBOA-GALLARDO,

      Defendant-Appellant.

ON APPEAL FROM THE
UNITED STATES DISTRICT
COURT FOR THE WESTERN
DISTRICT OF MICHIGAN

Before: McKEAGUE and STRANCH, Circuit Judges, and MAYS, District Judge.[*]

**PER CURIAM**. Defendant Jesus Balboa-Gallardo ("Gallardo") appeals the district court's denial of a two-point sentence adjustment for acceptance of responsibility pursuant to U.S. Sentencing Guideline (U.S.S.G.) § 3E1.1(a). After Gallardo refused to speak with the probation officer who was preparing his presentence report, the court found his simple guilty plea insufficient for the offense level reduction. Because compelling evidence supported the district judge's finding that Gallardo did not accept responsibility for the crime he committed, we conclude this finding was not clearly erroneous. Therefore, we **AFFIRM** the district judge's denial of a sentence adjustment for acceptance of responsibility.

---

[*]The Honorable Samuel H. Mays, Jr., United States District Judge for the Western District of Tennessee, sitting by designation.

**BACKGROUND**

On September 14, 2009, Gallardo pleaded guilty to illegal reentry of the United States after his deportation subsequent to an aggravated felony offense[1] in violation of 8 U.S.C. § 1326(a) and (b)(2). He did so without a plea agreement. On September 30, the district judge adopted a magistrate judge's Report and Recommendation to adjudicate Gallardo guilty. The court ordered a presentence report ("PSR") prepared. On September 22, probation officer Mosley traveled to Montcalm County Jail to conduct a presentence interview. However, after speaking with his client, Gallardo's attorney told the officer that his client did not wish to speak with her. On November 2, Gallardo faxed a statement to the U.S. Probation Office apologizing for entering the country illegally and stating his intention to live and work in Mexico.

The PSR recommended denying Gallardo an offense level reduction under U.S.S.G. § 3E1.1(a) for acceptance of responsibility. Gallardo's only objection to the PSR regarded the recommendation as to acceptance of responsibility. At argument, the district judge asked why Gallardo refused to speak with Officer Mosley. His attorney responded, "there isn't any legal reason; that he felt he sufficiently discussed his offense and past offenses with the court, and then with the state probation officer just in the spring when his state presentence report was completed." DE 36, Sentencing Transcript ("S. Tr.") at 5.

In overruling the objection, the district judge reasoned, "it seems to me most probable that [the letter] was written as a way to perhaps backfill [Gallardo's] refusal to talk with Ms. Mosley to try to put himself in a better light after he had already made what I think was a pretty clear error."

---

[1]Gallardo had a long criminal history dating back to age 18 (including violence, drug use and sales, alcohol abuse, and an instance of criminal sexual conduct).

S. Tr. at 9. The judge also mentioned the trouble that Ms. Mosley faced in traveling to the jail, and in finding other sources to gather the information for the PSR. Without the adjusted points for acceptance of responsibility, Gallardo was sentenced to 120 months' incarceration, three years of supervised release, and a $100 special assessment.

## DISCUSSION

In reviewing a district court's application of the Sentencing Guidelines, we give great deference; we accept the district court's findings of fact unless they are clearly erroneous. *United States v. Webb*, 335 F.3d 534, 536-37 (6th Cir. 2003).

Section 3E1.1(a) of the U.S.S.G. provides that "[i]f the defendant clearly demonstrates acceptance of responsibility for his offense, [the court should] decrease the offense level by 2 levels." The defendant bears the burden of showing by a preponderance of the evidence that he accepted responsibility for the crime he committed. *United States v. Roberts*, 243 F.3d 235, 241 (6th Cir. 2001). Determination of whether a defendant has accepted responsibility will not be overturned unless it is without foundation. *United States v. Turner*, 324 F.3d 456, 462 (6th Cir. 2003).

Application note to § 3E1.1 explains that though a plea of guilty "will constitute significant evidence of acceptance of responsibility[,]" a defendant who pleads guilty is not entitled to a reduction as a matter of right. U.S.S.G. § 3E1.1, cmt. n. 3; *see also Webb*, 335 F.3d at 538 ("As § 3E1.1 of the Sentencing Guidelines provides, the district court is to make an acceptance-of-responsibility determination based upon the facts presented. The entry of a guilty plea does not obligate the court to find that a reduction is appropriate."). The acceptance of responsibility

indicated by a guilty plea "may be outweighed by conduct of the defendant that is inconsistent with such acceptance of responsibility." U.S.S.G. § 3E1.1, cmt. n. 3.

In determining whether Gallardo accepted responsibility for his crimes, the court found that Gallardo's guilty plea without a plea agreement, his explanation of guilt at the plea hearing, his signing of a release form and belated letter were not sufficient to overcome his refusal to meet with the probation officer and assist with his PSR.

Defendants can decide whether or not to speak with probation officers, but their choice to exercise their right not to talk constitutes conduct which the district court is entitled to conclude is inconsistent with acceptance of responsibility. *See United States v. Meacham*, 27 F.3d 214, 217 (6th Cir. 1994) ("While the Sentencing Guidelines provide that a defendant may remain silent in respect to relevant conduct beyond the offense of conviction without affecting his ability to obtain a reduction . . . a defendant may not refuse to provide any information regarding the charge to which he pled guilty.") (internal quotations and emphasis omitted). This Court has considered a defendant's choice not to speak with the probation officer creating the PSR as a factor weighing against a finding of acceptance of responsibility. *See, e.g.*, *United States v. Brown*, 47 F. App'x 305, 310 (6th Cir. 2002) (concluding the district court's decision not to grant reduction for acceptance of responsibility was not without foundation when defendant refused to speak with the probation officer who prepared the PSR and defendant tried to extort money from a co-defendant) (unpublished decision).

Given the compelling evidence supporting the district court's finding that Gallardo had not accepted responsibility, we cannot say it was clearly erroneous. The sentence is, therefore, **AFFIRMED**.