**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Adan HERRERA, Defendant–Appellant.**

**No. 02–1929.**

United States Court of Appeals,
Seventh Circuit.

Submitted Aug. 20, 2002.

Decided Aug. 20, 2002.

Before BAUER, KANNE, EVANS, Circuit Judges.

**ORDER**

Adan Herrera pleaded guilty without a plea agreement to conspiracy to possess with intent to deliver and possession with intent to deliver more than two kilograms of cocaine and was sentenced to 60 months' imprisonment. Herrera filed a timely notice of appeal, but his counsel has moved to withdraw under *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Because counsel's supporting brief is facially adequate, our review is limited to the potential issues identified by counsel and by Herrera in his Circuit Rule 51(b) response. *United States v. Tabb*, 125 F.3d 583, 584 (7th Cir.1997) (per curiam).

Herrera, his brother-in-law Luis Corrales, Gerardo Huerta, and a fourth man who was a DEA informant met at a restaurant to plan the procurement of 2 kilos of cocaine. Once the transaction was completed, Herrera, Corrales, and Huerta were arrested and charged with drug trafficking offenses. All three men pleaded guilty and were sentenced together at a two-day sentencing hearing. During the hearing, Herrera and Corrales testified that Herrera merely accompanied Corrales to the drug deal and that Corrales alone was responsible for procuring the cocaine from an individual known as "Freddie." Huerta, however, testified that Herrera was as involved in—and as knowledgeable of—the drug transaction as Corrales. The sentencing judge denied Herrera's request for a reduction in offense level under § 5C1.2, the "safety valve" provision of the Sentencing Guidelines, but granted him an

acceptance of responsibility reduction under § 3E1.1.

Counsel identifies a single issue as potentially non-frivolous: whether the district court judge erred in denying Herrera a safety valve reduction. The judge found that Herrera did not merit the reduction because he had not disclosed all he knew about the source of the drugs that he intended to deliver. *See* U.S.S.G. § 5C1.2(5). The judge based his conclusion on the credibility of the testimony given at the sentencing hearing. First, he simply did not believe Herrera's testimony that he knew his drug source only by the man's appearance and by the name of "Freddie": "[I]t is simply not believable to me that somebody would be willing to make a transaction so expeditiously with the only thing you knowing about him is the name Freddie and what he looks like." Sentencing Tr. at 162. In addition, the judge credited Huerta's testimony that Herrera knew more about the drug transaction than he was admitting.

We afford great deference to a sentencing judge's findings regarding witness credibility because he has the best opportunity to observe a witness's behavior and demeanor. *United States v. Stokes*, 211 F.3d 1039, 1045 (7th Cir.2000). When the judge's decision "hinges" upon witness credibility, we will reverse only if there is a showing of clear error. *United States v. Schaefer*, 291 F.3d 932, 943 (7th Cir.2002). Here the judge heard testimony from all three defendants; he noted discrepancies and in some of this testimony and resolved the discrepancies based on the information before him. The judge's findings in this case were not clearly erroneous.

Herrera's Rule 51(b) response does not address the issue of the safety valve reduction. Instead Herrera suggests, for the first time, that his guilty plea was involuntary: "When I withdrew my guilty plea and pled guilty, I was not sure and I was duress, I did not know what I was doing." We interpret Herrera's statement as an assertion that someone coerced his plea. But Herrera does not tell us how he was coerced or by whom. In any event, this claim would most likely require development of facts outside the record, and it is thus more properly presented on collateral attack than on direct appeal. *See United States v. Rosario*, 234 F.3d 347, 352 (7th Cir.2000).

Counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.