UNITED STATES of America,
Plaintiff–Appellee,

v.

Michael LEWIS, Defendant–Appellant.

No. 02–2836.

United States Court of Appeals,
Seventh Circuit.

Argued Dec. 17, 2002.

Decided Feb. 5, 2003.

Before BAUER, CUDAHY, and COFFEY, Circuit Judges.

ORDER

Michael Lewis was convicted of possessing a gun, in violation of 18 U.S.C. § 922(g), and sentenced to 120 months' imprisonment. On appeal Lewis challenges the district court's denial of his motion to suppress evidence gathered by

police officers who stopped his vehicle. He also argues that the court erred when it increased his offense level based on obstruction of justice under § 3C1.1 of the sentencing guidelines. We affirm.

Just before midnight on October 8, 2001, Chicago police officers Robert Garza and Kevin Conners pulled Lewis's car over because he was driving without license plates and asked Lewis for his driver's license. When Lewis could not produce a license, Officer Garza ordered Lewis to step out of the car. Once Lewis got out of the driver's seat, both officers could see the handle of a handgun inside the driver's side door panel. The officers placed Lewis under arrest and retrieved the handgun.

A week before his trial, Lewis filed a motion to suppress the handgun and incriminating statements he made after his arrest, arguing that the officers did not have a legitimate reason for stopping his car. The court denied the motion, and Lewis proceeded to trial. Lewis renewed his motion after the close of evidence, and the court conducted a hearing.

At the suppression hearing, Lewis testified that the police had not actually pulled his car over in the first place. Rather, Lewis's story at the hearing was that, when the police approached him, his car was parked, that he was sliding from the driver's side to the passenger side of the car, and that his cousin was present during the entire incident. This version of events directly contradicted the version offered by Officers Connors and Garza, who testified that they stopped Lewis's car and that Lewis was alone at the time of his arrest. Lewis also testified that, although he did not have permanent license plates on October 8, an orange temporary license sticker was visible in his rear window. As corroboration, Lewis pointed to the testimony of two defense witnesses who stated that they saw the temporary license sticker in the car's rear window sometime before October 8. He also offered into evidence a police photograph of the rear of his car; the photo showed in the rear window two orange adhesive strips of the kind that would be used to attach a temporary license, but no actual temporary license. Officers Connors and Garza testified that they were sure that there was no temporary license sticker visible in Lewis's rear window on the night of October 8, but they did not recall seeing the adhesive strips shown in the photograph.

The court again denied Lewis's motion. According to the court, the testimony of the two defense witnesses established the presence of a temporary license sticker at some time before October 8 but not at the time the officers stopped Lewis. Furthermore, the court determined that, even if Lewis was telling the truth when he said that his car was parked when the officers approached, there was still no Fourth Amendment violation.

The jury returned a verdict of guilty. At sentencing, the court found that Lewis had committed perjury at the suppression hearing and, over Lewis's objection, increased his offense level by two points for obstruction of justice.

On appeal Lewis first challenges the denial of his motion to suppress, arguing that the court credited exceedingly improbable testimony when it accepted the officers' assertion that they did not see the adhesive strips in the rear window of his car. According to Lewis, the officers' misrepresentations and the testimony of the defense witnesses who saw a temporary license on the car before October 8, along with the presence of the adhesive strips, established that a temporary license was indeed visible in Lewis's rear window and that the officers therefore did not have a legitimate reason to stop Lewis. But we afford "special deference" to determina-

tions of credibility made at a suppression hearing because the district judge is better able than the reviewing court to assess witness behavior and demeanor. *United States v. French*, 291 F.3d 945, 951 (7th Cir.2002). When reviewing a district court's credibility determination, we will find testimony "exceedingly improbable" only if no reasonable fact-finder could believe it. *United States v. Salyers*, 160 F.3d 1152, 1162 (7th Cir.1998). It would not have been unreasonable for the court to believe that the officers could remember that there was no temporary license sticker but not recall seeing the adhesive strips. The officers were looking for license plates, permanent or temporary, not adhesive strips, and would have no special reason to remember the strips. This is not the kind of memory lapse that would undermine the credibility of the officers' testimony as a whole.

Lewis also argues that the court erred in increasing his offense level under § 3C1.1 of the sentencing guidelines based on its finding that he had committed perjury and thus obstructed justice. We review findings of fact for the purposes of applying the obstruction of justice adjustment for clear error. *United States v. Stokes*, 211 F.3d 1039, 1044 (7th Cir.2000). A sentencing court's factual findings are clearly erroneous only if the reviewing court is firmly convinced that an error was made. *Id.*

The guidelines instruct the sentencing court to adjust a defendant's offense level upwards by two if the defendant "willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice." U.S.S.G. § 3C1.1. The sentencing court determined that Lewis had committed perjury at his suppression hearing in an attempt to get his handgun, the primary piece of evidence against him, excluded from his trial. When a defendant commits perjury, the sentencing court must impose the obstruction-of-justice requirement; but not every instance of false testimony is perjury. *United States v. Carrera*, 259 F.3d 818, 830 (7th Cir.2001). A defendant commits perjury when he "gives false testimony concerning a material matter with the willful intent to provide false testimony, rather than as a result of confusion, mistake, or faulty memory." *United States v. Dunnigan*, 507 U.S. 87, 94, 113 S.Ct. 1111, 122 L.Ed.2d 445 (1993).

Lewis does not contest the sentencing court's finding that his testimony was false. But he argues that any falsity in his testimony was immaterial. Testimony is material when it concerns a subject crucial to the issue under determination. *United States v. Arambula*, 238 F.3d 865, 868 (7th Cir.2001). The material issue in his case, Lewis argues, was whether the officers saw the temporary license sticker in the car's rear window, not whether he was driving or parked when the police encountered him. Lewis argues that his testimony that he was parked, not driving, and that his cousin was present did not influence the outcome of the suppression hearing because the judge found that there would be no Fourth Amendment violation even if his version of events was accurate. But the question is whether Lewis's testimony *could tend to affect the outcome of* the hearing, not whether it was successful in doing so. *See id.* Lewis's version of events was wholly incompatible with the testimony of the officers who arrested him. If believed, his claim that he was parked, not driving, when the officers approached could challenge the original basis for his arrest—that he was driving without a license. His claim that another individual was present could have cast doubt on whether the handgun actually belonged to him. Most important, if the court had accepted Lewis's assertions, the credibility of the officers, the main witnesses for the

prosecution, would be completely undermined. These points were certainly material to the issues at stake both at the suppression hearing and at Lewis's trial.

The judgment of the district court is AFFIRMED.