NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted January 22, 2009
Decided January 22, 2009

**Before**

KENNETH F. RIPPLE, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 08-1242

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 05 CR 1029-3 |
| BRIAN MORIN, *Defendant-Appellant.* | Elaine E. Bucklo, *Judge.* |

**O R D E R**

Brian Morin pleaded guilty to conspiracy to distribute cocaine. *See* 21 U.S.C. §§ 846, 841(a)(1). After finding that Morin had testified falsely at a suppression hearing, the district court applied a two-level obstruction-of-justice enhancement to Morin's offense level, *see* U.S.S.G. § 3C1.1, and imposed a prison term of 90 months, seven months shorter than the low end of the guidelines range of 97 to 121 months. Morin appeals, but his appointed counsel now seeks to withdraw under *Anders v. California*, 386 U.S. 738 (1967), because he cannot discern a nonfrivolous issue to pursue. We invited Morin to comment on counsel's motion, *see* CIR. R. 51(b), but he did not respond, so we review only the potential issues identified in counsel's facially adequate brief. *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

Counsel first informs us that Morin does not wish to withdraw his guilty plea, so counsel properly avoids discussing whether Morin could challenge the voluntariness of the plea. *See United States v. Knox*, 287 F.3d 667, 671 (7th Cir. 2002).

Counsel next considers whether Morin could challenge the two-level upward adjustment for obstruction of justice. A district court may increase a defendant's offense level if it finds that the defendant obstructed or attempted to obstruct justice with respect to the investigation, prosecution, or sentencing of the offense of conviction. U.S.S.G. § 3C1.1. Providing materially false information to a judge is one example of obstructive behavior. *Id.* § 3C1.1 cmt. n.4(f). We would review for clear error a finding that a defendant has obstructed justice and would overturn it only if we have "a definite and firm conviction that a mistake has been committed." *United States v. Dale*, 498 F.3d 604, 608 (7th Cir. 2007) (internal quotation marks and citations omitted).

The basis for the obstruction-of-justice increase was Morin's testimony at a suppression hearing that he repeatedly requested an attorney during questioning by FBI agents. But contrary testimony from the FBI agents and from Morin's girlfriend, who testified that she heard him ask only "Do I need a lawyer?", led the district court to doubt Morin's assertion. And because Morin later met voluntarily with the agents alone at a nearby firehouse, passing up the chance to call for an attorney first, the district court concluded that his testimony was implausible. Although a different fact-finder might have concluded otherwise, the district court was in the best position to assess the witnesses' credibility, and any contention that the district court's finding was clearly erroneous would be frivolous. Furthermore, because Morin offered this false testimony to the judge in an effort to suppress incriminating evidence against him and avoid guilt, it was material. *See United States v. Stokes*, 211 F.3d 1039, 1045-46 (7th Cir. 2000). Accordingly, we agree with counsel that it would be frivolous to challenge the enhancement.

We also agree that any challenge to Morin's 90-month sentence, which was below the low end of the guidelines range, would be frivolous. A below-guidelines sentence is presumptively reasonable. *United States v. Liddell*, 543 F.3d 877, 885 (7th Cir. 2008). Moreover, the district court gave meaningful consideration to the factors under 18 U.S.C. § 3553(a), including the gravity of the drug problem in Morin's community, Morin's criminal and employment histories, and his devotion to his family. Counsel is unable to articulate any basis for rebutting the presumption that the resulting sentence was reasonable.

Counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.