**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued July 7, 2017
Decided August 1, 2017

*Before*

DIANE P. WOOD, *Chief Judge*

WILLIAM J. BAUER, *Circuit Judge*

JOEL M. FLAUM, *Circuit Judge*

No. 16-3831

| | |
|---|---|
| RICHARD MORENS, | Appeal from the United States District |
| *Petitioner-Appellant*, | Court for the Eastern District of Wisconsin. |
| | |
| *v.* | No. 15-CV-959 |
| | |
| MICHAEL MEISNER, | William C. Griesbach, |
| *Respondent-Appellee*. | *Chief Judge*. |

### O R D E R

Richard Morens was convicted in a Wisconsin court of possessing heroin and cocaine with intent to deliver, along with six counts of possessing a firearm as a felon. The trial judge initially had severed the drug and firearm counts but, upon reconsideration, joined all the counts again for trial. After exhausting his state postconviction remedies, Morens filed a petition under 28 U.S.C. § 2254, claiming that handling all the counts together denied him a fair trial and that his lawyers were ineffective for not objecting at trial or on direct appeal. The district court denied relief, and we affirm.

The facts of the crimes are recounted in *State v. Morens*, No. 2010AP2018-CR (Wis. Ct. App. Nov. 22, 2011). After conducting surveillance for several days at a house where

Morens had been observed entering and exiting, Milwaukee police officers obtained and executed a search warrant for the house. The officers discovered in a concealed compartment in a closet outside Morens's bedroom several bags containing a handgun, suppressor, ammunition, a dust mask, heroin, and cocaine. The officers also found four other guns in the closet and another gun in the kitchen. Morens's DNA was found on the dust mask and the bags containing the gun and drugs. Morens was charged with eight counts: one count of possessing heroin with intent to deliver, one count of possessing cocaine with intent to deliver, and six counts of possessing a firearm as a felon.

Morens moved to sever the drug and gun charges on the ground that a jury considering the drug counts would be prejudiced by learning about his felony conviction—an element of the gun counts. Morens conceded that evidence showing he possessed the guns would be admissible at a trial on the drug counts, but he argued that evidence of his felony conviction would not be relevant to the drug case. At first, the trial judge agreed with Morens and concluded that "the prejudice outweighs the benefit of tying" the charges together at trial. The state moved for reconsideration, arguing that, under *State v. Wedgeworth*, 302 N.W.2d 810 (Wis. 1981), joinder at trial was appropriate because the crimes all occurred on the same date at the same location. The trial court decided that all the counts should be tried together because evidence of the firearms was admissible as to the drug counts.

Morens changed lawyers after that ruling. At trial the two, new lawyers developed a defense theory that, although Morens lived there, the residence was a "party house" visited frequently by other people who could have possessed the contraband without Morens's knowledge. Morens's DNA was found on the bags and the dust mask, counsel contended at trial, because the police had placed the evidence on his bed to photograph it. The jury convicted Morens on all counts.

After sentencing Morens changed lawyers again. New counsel brought a postconviction motion, which in Wisconsin precedes a direct appeal. *See* Wis. Stat. § 974.02; *Morales v. Boatwright*, 580 F.3d 653, 656 (7th Cir. 2009). She argued that the lawyers who represented Morens at trial had been ineffective in not calling two witnesses who would have testified that the house was open to many people. Following a hearing, the trial judge concluded that counsel had not been ineffective and denied the motion. The Wisconsin appellate court upheld the denial of Morens's postconviction motion and affirmed his convictions. The Wisconsin Supreme Court denied further review.

With assistance from yet another attorney, Morens then filed a motion for postconviction relief under Wisconsin Statute § 974.06 on the ground that the drug and firearm charges should have been severed because the evidence to support the counts did not entirely overlap. Moreover, Morens claimed, his two trial lawyers were ineffective for not taking steps to "neutralize" the information about his prior conviction, and his appellate counsel was ineffective for not raising a claim that the charges should have been severed for trial. He was prejudiced at trial, Morens insisted, because the judge did not instruct the jury to limit its consideration of his prior felony conviction to the firearms counts.

The trial court denied this postconviction motion. Any "neutralizing language" would not have been helpful, the court reasoned, because Morens "was either a felon or he wasn't." As to a limiting instruction, the court had instructed the jurors as to each element for each offense, and the jurors were not advised that Morens's status as a felon was an element of the drug offenses. Jurors are presumed to follow instructions, reasoned the trial court, so Morens was not prejudiced by the absence of a specific limiting instruction.

The Wisconsin appellate court also denied relief. *State v. Morens*, No. 2014AP407 (Wis. Ct. App. May 12, 2015). The court ruled that the drug and firearm charges were properly joined as an initial matter under Wisconsin Statute § 971.12(1) because the charged crimes stemmed from the 'same act or transaction,' and the trial judge had properly exercised his discretion to deny a severance because the judge had examined the facts carefully, applied the correct legal standard, and reached a reasonable outcome. It followed, the appellate court added, that Morens's counsel on direct appeal did not perform deficiently by not including a severance claim.

With the aid of counsel Morens then filed his petition for a writ of habeas corpus under 28 U.S.C. § 2254. He argued that the Wisconsin courts never analyzed whether he was unfairly prejudiced by joining the drug and guns charges, and he repeated his assertions that his counsel were ineffective for not pursuing a severance claim.

The district court rejected his claims, reasoning that a proper joinder is presumptively nonprejudicial, and that Morens had not suffered any actual prejudice. The court also concluded that the state court did not unreasonably apply *Strickland v. Washington*, 466 U.S. 668, 694 (1984), to Morens's claims that his counsel were ineffective. Nevertheless, the court issued a certificate of appealability without identifying any claim for which Morens had made a substantial showing of the denial of a constitutional right, *see* 28 U.S.C. § 2253(c)(2), (3). Morens proceeds on appeal with a new attorney, his sixth.

To succeed under § 2254, he must show that the Wisconsin appellate court's decision is (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *see Carter v. Douma*, 796 F.3d 726, 733 (7th Cir. 2015). The state court's ruling must be "'so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" *Carter*, 796 F.3d at 733 (quoting *Harrington v. Richter*, 562 U.S. 86, 103 (2011)). Morens cannot overcome this steep hurdle.

Morens first argues that joining the drugs and firearms offenses for trial prejudiced him to the extent that his right to a fair trial was violated. *See United States v. Lane*, 474 U.S. 438, 446 n.8 (1986) (explaining that joinder of offenses raises a constitutional concern only when prejudice results to a degree that it denies defendant's right to fair trial); *Biskup v. McCaughtry*, 20 F.3d 245, 249 (7th Cir. 1994) (same); *Leach v. Kolb*, 911 F.2d 1249, 1258 (7th Cir. 1990) (same). Morens contends that the trial judge did not consider the prejudice from introducing evidence of his prior conviction to establish the gun crimes. The evidence that he possessed the heroin and cocaine, Morens says, was not overwhelming, so learning about his prior conviction could have "tipped the balance with the jury." *See, e.g., United States v. Peterson*, 823 F.3d 1113, 1124 (7th Cir. 2016) (recognizing that joinder may result in prejudicial "spill-over effect" if jury relies on evidence presented as to one count when reaching a conclusion on another count); *United States v. Ervin*, 540 F.3d 623, 630 (7th Cir. 2008) (same).

Contrary to Morens's assertions, the trial judge explicitly considered the potential prejudice when it first granted his motion to sever and again when it reconsidered that decision. The trial judge contemplated the degree of prejudice resulting from "the revelation to the jury" of Morens's felony conviction "versus the way the offenses are tied together and how they're tied together." In "weighing those two things," the judge initially decided that the prejudice was "more important than anything else here" and so the counts should be severed. After the state moved to reconsider because the charges arose from the same transaction and the evidence overlapped, the trial judge again explicitly analyzed the potential prejudice to Morens. The judge opined that "the whole question then comes down to how prejudicial this is regarding the jury finding out that he's got a felony record versus the state's ability to tie it all together because of the guns found on the premises." The judge did "weigh the potential prejudice to the defendant versus how tied together all of these matters were" and concluded that severance was

not required. Later, the Wisconsin appellate court ruled that the trial judge had applied the correct legal standard and reached a reasonable decision.

Morens asks us to establish a bright line constitutional rule that drug and felon-in-possession charges must be severed for trial because evidence of the felony conviction unfairly prejudices the defendant. But joinder of drugs and guns charges for trial is not per se unconstitutionally prejudicial, and, indeed, ordinarily is proper. *See, e.g., United States v. Blanchard,* 542 F.3d 1133, 1141 (7th Cir. 2008); *United States v. Stokes,* 211 F.3d 1039, 1042 (7th Cir. 2000). Joinder is appropriate because of the "natural inferences that may be drawn from the contemporaneous possession of guns and drugs or drug paraphernalia: the firearm is an indication of drug activity, and participation in drug trafficking supplies a motive for having the gun." *United States v. Pigee,* 197 F.3d 879, 891 (7th Cir. 1999) (citations omitted). Moreover, to minimize the risk of unfair prejudice, the parties stipulated that Morens was a felon, thus preventing the jury from hearing any details of his prior conviction. *See Spencer v. State of Tex.*, 385 U.S. 554, 562 (1967) (in considering constitutionality of recidivist statute, holding that admission of defendants' prior convictions not inherently prejudicial, especially where "there is no claim that its presentation was in any way inflammatory"); *see also Old Chief v. United States*, 519 U.S. 172, 174 (1997) (ruling that district court abused discretion in refusing to accept defendant's stipulation of felony conviction when purpose of evidence of conviction was solely to prove element of felon-in-possession charge).

A stipulation may not protect against the significant risk of prejudice, *Almendarez-Torres v. United States*, 523 U.S. 224, 235 (1998), so trial judges should provide (at the defendant's request) some cautionary or limiting instruction to mitigate potential prejudice. *See, e.g., United States v. Carter*, 695 F.3d 690, 702 (7th Cir. 2012); *Stokes*, 211 F.3d at 1043; *cf. Zafiro v. United States*, 506 U.S. 534, 539 (1993) (explaining that, in lieu of severance, "less drastic measures, such as limiting instructions, often will suffice to cure any risk of prejudice" from trying codefendants together); *Marshall v. Lonberger*, 459 U.S. 422, 438 n.6 (1983) (explaining that *Spencer* upheld conviction despite introduction of defendant's prior conviction "in part because such evidence was accompanied by instructions limiting the jury's use of the conviction to sentence enhancement"). But use of a limiting instruction is not required by the Constitution, and the failure to provide one does not inevitably amount to reversible error. *See, e.g., United States v. Hope*, 906 F.2d 254, 259–60 (7th Cir. 1990). Indeed, a trial court should not provide sua sponte limiting instructions in absence of the defendant's request. *See, e.g., United States v. Gomez*, 763 F.3d 845, 860 (7th Cir. 2014) (cautioning against "judicial freelancing" because

instruction may preempt defendant's strategic decision not to highlight prior conviction); *United States v. Clark*, 989 F.2d 1490, 1500 (7th Cir. 1993).

Morens also contends that the Wisconsin court unreasonably applied *Strickland v. Washington*, 466 U.S. 668, 694 (1984) in determining that his trial counsel were not ineffective. Trial counsel should have "neutralized" the stipulation that he had a felony conviction, he says, and they should have requested an instruction limiting the jury's consideration of the conviction.

This court reviews whether the state court's determination under *Strickland* was unreasonable. *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009); *Carter v. Butts*, 760 F.3d 631, 636 (7th Cir. 2014). The Wisconsin court did not probe why counsel did not request an instruction. Nevertheless, the court reached the correct outcome. *See Whatley v. Zatecky*, 833 F.3d 762, 775 (7th Cir. 2016) (deferring to state court's judgment despite its incorrect reasoning); *Brady v. Pfister*, 711 F.3d 818, 827 (7th Cir. 2013) (same). Morens had not supported his assertion that his trial counsel were deficient: He had not asked counsel why they eschewed an instruction, let alone shown that counsel forgot—or were too incompetent—to ask for one.

At any rate, the trial court's conclusion on the prejudice prong was reasonable under *Strickland*, which requires that a defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." 466 U.S. at 694. The lack of a limiting instruction did not prejudice Morens, the trial court concluded, because the jurors were instructed as to each element they had to find for the drug offenses, they were not advised that the defendant's status as a felon was an element of those offenses, and jurors are presumed to follow their instructions. A limiting instruction may have guarded against any prejudicial spillover effect, *see Peterson*, 823 F.3d at 1124, but, given the evidence presented at trial, an instruction would not have affected the jury's verdicts on the two drug counts. *See McNary v. Lemke*, 708 F.3d 905, 917 (7th Cir. 2013) (concluding that petitioner was not prejudiced by counsel's deficient performance because there was "enough other evidence for the jury to convict"). Under this court's highly deferential standard of review, *see Cullen v. Pinholster*, 563 U.S. 170, 181 (2011), Morens has not succeeded in showing that the trial court misapplied *Strickland* in evaluating trial counsels' assistance.

Finally, Morens argues that his appellate counsel was ineffective because she did not argue on direct appeal the gun and drug counts should have been severed for trial. The Wisconsin appellate court's decision was based on an unreasonable application of

clearly established federal law, contends Morens, because that court did not compare the relative strength of appellate counsel's arguments as required by *Smith v. Robbins*, 528 U.S. 259, 288 (2000). Morens asserts that the severance challenge was obviously stronger than appellate counsel's claim that trial counsel were ineffective in not calling two witnesses.

Appellate counsel need not raise every nonfrivolous claim, and it is "difficult" to show that failure to raise a particular claim amounts to ineffective assistance "because the comparative strength of two claims is usually debatable." *Shaw v. Wilson*, 721 F.3d 908, 915 (7th Cir. 2013); *see also McNary*, 708 F.3d at 920 (quoting *Smith*, 528 U.S. at 288). Here, the Wisconsin court correctly recited the appropriate 'comparative strength' standard derived from *Smith* and decided that Morens's appellate counsel was not ineffective for failing to challenge the trial court's discretionary severance decision. The appellate court did not explicitly compare the relative strength of the two arguments, but it reasonably concluded under *Strickland* that appellate counsel was not ineffective for failing to press a weak argument.

The Constitution does not require severance of charges for possessing drugs and possessing a firearm as a felon. Morens has not established that the joinder of drug and firearm charges prejudiced him, nor that his counsel were ineffective for not challenging the joinder. Accordingly, the judgment is AFFIRMED.