[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 13, 2012
JOHN LEY
CLERK

No. 11-10036
Non-Argument Calendar
_____

D.C. Docket No. 8:10-cr-00098-EAK-TBM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

REYNALDO PEREZ,

Defendant-Appellant.

_____

No. 11-10037
Non-Argument Calendar
_____

D.C. Docket No. 8:10-cr-00098-EAK-TBM-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JESUS CARREON, III,

                                        Defendant-Appellant.

_____

Appeals from the United States District Court
for the Middle District of Florida
_____

(January 13, 2012)

Before TJOFLAT, BARKETT and FAY, Circuit Judges.

PER CURIAM:

Reynaldo Perez and Jesus Carreon, III, appeal their 235-month sentences for conspiracy to possess with intent to distribute 5 kilograms or more of cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(A)(ii), and possession with intent to distribute 5 kilograms or more of cocaine, in violation of § 841(a)(1), (b)(1)(A)(ii), and 18 U.S.C. § 2. On appeal, both defendants argue that the district court erred by (1) incorrectly determining the drug quantities attributable to them, and (2) failing to apply a two-level reduction for acceptance of responsibility to each of their sentences. Perez also challenges the district court's imposition of the

obstruction of justice enhancement to his sentence.[1]  Upon review of the record

and consideration of the parties' briefs, we affirm.

## I.  Drug Quantities

"We review <u>de novo</u> the application of the sentencing guidelines and

findings of fact for clear error."  <u>United States v. Louis</u>, 559 F.3d 1220, 1224 (11th

Cir. 2009).  We also review a district court's finding of drug quantity for clear

error.  <u>United States v. Smith</u>, 240 F.3d 927, 930-31 (11th Cir. 2001).  The

government bears the burden of establishing drug quantity by a preponderance of

the evidence.  <u>United States v. Rodriguez</u>, 398 F.3d 1291, 1296 (11th Cir. 2005).

When the drug amount that is seized does not reflect the scale of the

offense, the court must approximate the drug quantity.  <u>United States v. Frazier</u>, 89

F.3d 1501, 1506 (11th Cir. 1996) (citing U.S.S.G. § 2D1.1, comment (n.12)).  In

making this determination, the court may rely on "the price generally obtained for

the controlled substance . . . [and] similar transactions in controlled substances by

the defendant," U.S.S.G. § 2D1.1, comment (n.12), and "evidence showing the

average frequency and amount of a defendant's drug sales over a given period of

---

[1] Carreon adopted to the extent applicable Perez's brief on appeal, but Perez's brief regarding the obstruction of enhancement only applied to Perez, so Carreon's adoption of that portion of the brief did not suffice to raise an argument regarding the district court's imposition of the enhancement to his sentence.

time." Frazier, 89 F.3d at 1506. This determination "may be based on fair, accurate, and conservative estimates of the quantity of drugs attributable to a defendant . . . [but it] cannot be based on calculations of drug quantities that are merely speculative." United States v. Zapata, 139 F.3d 1355, 1359 (11th Cir. 1998). We accord substantial deference to a sentencing court's credibility determinations in assessing drug quantity. See United States v. Clay, 483 F.3d 739, 744 (11th Cir. 2007).

Here, in determining that Carreon was responsible for greater than 50 kilograms of cocaine, the district court considered the three previous transactions Carreon admitted to participating in. Carreon admitted that payment from his previous deliveries ranged from $300,000 to $1 million, and, without objection, the probation officer stated at the sentencing hearing that $300,000 converts to 15 kilograms of cocaine. Thus, even considering only one of Carreon's previous admitted deliveries of cocaine and using a calculation based on the lowest payment range that Carreon provided, this amount (15 kilograms), along with the 40 kilograms that were seized during Carreon's arrest, is above the 50 kilogram drug quantity necessary to establish a base offense level of 36. As to Perez, he previously admitted to making another cocaine delivery for which he was paid $3,000, the same amount he was paid for the trip during which the 40 kilograms of

4

cocaine was seized, and that since he was paid the same amount, he believed that the same amount of cocaine was being delivered during the previous trip. Adding the 40 kilograms from the previous delivery to the 40 kilograms seized during Perez's arrest yields an attributable amount over the 50 kilogram quantity necessary to establish a base offense level of 36. Because the evidence supports the finding that both defendants were responsible for at least 50 kilograms of cocaine, the district court did not clearly err in determining drug quantity.

## II. Obstruction of Justice Enhancement

We review a district court's factual findings for an obstruction of justice enhancement based on perjury for clear error, and we accord great deference to the credibility determinations made by the court. United States v. Singh, 291 F.3d 756, 763 (11th Cir. 2002). Pursuant to U.S.S.G. § 3C1.1, a defendant's sentence may be enhanced by two levels if he (1) "willfully obstructed or impeded 'the course of the investigation, prosecution, or sentencing of the instant offense of conviction,' and (2) the obstructive conduct related to either the offense of conviction or any relevant conduct." United States v. Frasier, 381 F.3d 1097, 1099 (11th Cir. 2004) (quoting U.S.S.G. § 3C1.1). Committing perjury and "providing materially false information to a judge or magistrate judge" constitute an obstruction of justice under § 3C1.1. U.S.S.G. § 3C1.1, comment (n.4(b), (f)).

5

When applying an obstruction of justice enhancement, the district should make specific findings as to each allegation of obstruction by identifying each materially false statement. Singh, 291 F.3d at 763. However, "we may affirm a district court's enhancement even absent particularized findings regarding the defendant's perjury so long as the district court found in general that the defendant's testimony was perjurious as to material matters and the record supports that finding." United States v. Hatney, 80 F.3d 458, 463 (11th Cir. 1996).

Perez's sole argument with respect to the obstruction of justice enhancement is that the district court erred in failing to make an independent factual finding that he gave perjured testimony on a material matter.[2] Perez, however, never requested any particularized findings regarding the perjurious statements at the sentencing hearing. "Having failed to do so, [Perez] cannot now complain to this court." United States v. Hubert, 138 F.3d 912, 915 (11th Cir. 1998). Moreover, the district court made an express finding that Perez intentionally obstructed justice and committed perjury in front of the magistrate judge, and this finding was

---

[2] In his reply brief, Perez also argues that any inconsistencies between his statements at the plea colloquy and his post-arrest statements are immaterial. But because Perez failed to raise this argument in his initial brief, it is deemed waived. In re Egidi, 571 F.3d 1156, 1163 (11th Cir. 2009) ("Arguments not properly presented in a party's initial brief or raised for the first time in the reply brief are deemed waived.").

supported by the record, as Perez's testimony at the change of plea hearing conflicts with his post-arrest statements regarding his knowledge about the involvement of another individual in the drug trafficking scheme. The district court, therefore, did not clearly err in enhancing Perez's sentence based on a finding that he obstructed justice.

### III. Acceptance of Responsibility

The district court's determination of acceptance of responsibility is reviewed for clear error. United States v. Moriarty, 429 F.3d 1012, 1022 (11th Cir. 2005). Section 3E1.1 allows for a defendant's offense level to be decreased by two levels if he "clearly demonstrates acceptance of responsibility for his offense." U.S.S.G. § 3E1.1. "[A] defendant who falsely denies . . . relevant conduct that the court determines to be true has acted in a manner inconsistent with acceptance of responsibility." Id., comment (n.1(A)). Additionally, when a defendant's sentence has been enhanced under § 3C1.1 for obstruction of justice, this ordinarily indicates that he has not accepted responsibility for his criminal conduct, although there may be extraordinary cases in which both § 3C1.1 and § 3E1.1 may apply. U.S.S.G. § 3E1.1, comment. (n.4).

Here, the district court found that the defendants falsely denied relevant conduct when they both denied delivering at least 50 kilograms of cocaine.

Further, that the defendants' sentences were properly enhanced under § 3C1.1 for obstruction of justice indicates that they had not accepted responsibility, despite pleading guilty, and the defendants failed to offer any evidence demonstrating that this was an extraordinary case in which both § 3C1.1 and § 3E1.1 should apply. The district court, therefore, did not clearly err in refusing to impose a 2-level downward adjustment for acceptance of responsibility.

**AFFIRMED.**